Gregory *v.* Ford.

---

## GREGORY *v.* FORD *et al.*

A DEFENDANT, having no defense to an action, cannot go into equity and enjoin a judgment by default, on the ground that the Sheriff's return of service on him is false, and that in fact he had no notice of the proceeding.

Equity interferes with judgments and proceedings at law, only in peculiar cases, not to correct errors and irregularities. It seldom or never interferes to enforce a mere technical right. There must be substantial merit.

Where the error of a decree is apparent by reference to the bill and decree, the party aggrieved may assign the error, though no demurrer be interposed.

The improper issuance of a second execution is no ground for equitable interference. Such irregularities must be corrected by the Court issuing the writ.

Where the judgment of the Court recites that summons was served on defendant, the fact that, years afterward, there appears some erasure or interlineation on the Sheriff's return is not sufficient to nullify the return, in the absence of a direct attack upon it for fraud, or forgery, or alteration.

APPEAL from the Tenth District.

Plaintiff had judgment. Defendants appeal.

*G. N. Swezy,* for Appellants.

1. The return of the officer upon the summons in the case of *Goodwin* v. *Gregory,* was conclusive, and could not be attacked in another action. The only remedy of the party is against the officer. (11 Foster, Pa. 9—13; 3 Wend. 204; 4 Dana, 150; 8 How. Pr. 355, 356; 4 Mass. 479; 11 Id. 165; 17 Id. 600; 10 Gill & J. 858; 4 Ala. 279; 3 Zab. 236; 6 Fost. 99; 7 Wend. 398; 1 Pet. C. C. 441; 14 Ill. 64, 65; 5 Cal. 56; 7 Id. 54.) Such return cannot be attacked, even in chancery. (5 Litt. 199.) Nor in a collateral proceeding to set aside the judgment. (26 Vt. 748, and cases there cited.) It can only be attacked in an action in which the officer making the return is a party.

2. If the executions were improperly issued the plaintiff should have proceeded by motion. (4 How. Pr. 352; 11 Id. 366; 1 Barb. Ch. Pr. 619.)

*Reardan & Smith,* for Respondent.

1. If we admit that the officer's return is conclusive, except in an action for false return, etc. still the question whether a paper purporting to be a record is so or not, is always open; and the Judge, who is presumed to know the handwriting of the officers of his Court, cannot be concluded by that which he is satisfied is a forgery.

There is no question in this case as to the right of impeaching the Sheriff's return in a collateral proceeding; the only question is, was it the return of the officers, or was it not? The Court below, upon an inspection, decided that it was not his return; in effect, that so much as showed a service on Gregory was inter-lined by a different person than the one making the return, in a strange handwriting, etc. and that it bore upon its face evidence of having been tampered with. (4 Phil. on. Ev. 272.)

2. Appellants contend that it was irregular to proceed by bill in equity to set aside an execution, but that the matter should have been brought before the Court by motion.

The defendants were not prejudiced by the plaintiff's waiving a summary remedy; besides, as the plaintiff was compelled to file his bill to set aside the judgment, it was proper for him to have everything connected with the matter settled in that motion.

3. The second execution was improperly issued.    (5 Hill, 572 ; 8 Johns. 337 ; 5 Conn. 417 ; 3 Wend. 382.)

4. If it should be urged that the complaint is defective in not showing that Gregory had a good defense to the original action, we answer that the rule requiring such an averment before the Court will entertain jurisdiction, does not apply where, as in the case at bar, the defendant in the original suit was not served with summons and had no notice of the action.    The Court has no jurisdiction over the person of the defendant until he be served with the process of the Court ; a judgment entered by a Court not having jurisdiction over the defendant, is *void*—not merely irregular or erroneous, but absolutely void.    (4 Conn. 381 ; *Whitwell* v. *Barbier,* 7 Cal. 64 ; 11 Wend. 654 ; 2 Yerger, 377 ; 5 John. 40.)

But if not sufficient to authorize all the relief prayed for, it is good to sustain an injunction.

The plaintiff avers and proves, that a judgment was entered against him without notice ; that upon this void judgment an execution was issued and placed in the hands of the Sheriff—one of the defendants—who is about to sell his property.    Now, if the judgment be void, the execution must be void, and the Sheriff, therefore, ought to be restrained from proceeding under it.    The plaintiff is entitled to this relief, if no other.    (*Walker* v. *Wynne,* 3 Yerger, 62 ; *Caruthers* v. *Hartsfield,* Id. 366.)

But no objection was made in the Court below, nor is any made here, to the jurisdiction of the Court ; even if raised there for the first time, it would be too late after answering to the merits.    The objection should have been taken by demurrer. (4 How. Ark. 560 ; 3 Johns. Ch. 377 ; 4 Cow. 727 ; 2 Paige, 399, 509 ; 4 Johns. Ch. 290 ; 2 Id. 369.)

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

This is a bill filed by the plaintiff to vacate a judgment rendered against him and others in 1853, in favor of Jesse O. Goodwin.    The bill alleges that after the rendition of the judgment execution issued on it, and was levied on some property of the other defendants thereto, which property was sold by the Sheriff, and as plaintiff believes, for enough to pay the execution.    The

Gregory *v.* Ford.

bill further charges, that the plaintiff had not, until the 17th day of December, 1857, any knowledge of the existence of this judgment against him; that he was never served with any summons and certified copy of complaint therein, nor with either, and never had any knowledge of any such action.    It is then alleged, that the execution first issued never was returned nor its loss shown, nor any reason given for the failure.    The bill prays for an injunction.    The parties defendant are Thornburgh, the Sheriff, and Ford, who is charged to be the assignee of Goodwin. Ford answered, denying the allegations of the complaint.    The Court found that the plaintiff had no notice.    The summons was returned executed on him.    The evidence shows that upon the writ appeared the name of plaintiff as one of defendants, served by the Sheriff, but that this name seemed to be written in place of another name or word scratched out; and the evidence tended to show that at the date of the service, as returned, defendant was out of the county.    But no fraud is charged in the return, nor is it charged that the Sheriff did not return the summons executed as it appears, nor that any alteration has been been made in the return.    Nor is it charged that the defendant had any defense to the note, which was the foundation of the action; but on the contrary, there is evidence that the defendant owed the debt, and that it is still due.

The case then on the pleadings and proofs resolves itself into this proposition of law :    Can a defendant having no defense to an action, enjoin a judgment by default obtained on a return by the Sheriff of service of process, upon the ground that the return is false ; that in fact he had no notice of the proceeding?    It is difficult to see upon what principle chancery would interfere in any such case in favor of such a defendant.    In analogy to its usual course of procedure, it would seem that the plaintiff, having acquired without any fraud on his part, a legal advantage, would be permitted to retain it as a means of securing a just debt; and that a Court of Equity would not take it away in favor of a party who comes into equity acknowledging that he owes the money, and claims only the barren right of being permitted to defend against a claim to which he had no defense.    It would certainly seem that it would be quite as equitable to turn the defendant in execution over to his remedy against the Sheriff

for a false return, under such circumstances as to relieve him from the judgment and turn the plaintiff for redress to the Sheriff. For the effect of vacating the judgment now, would be to release the defendant from the debt, as the Statute of Limitations has intervened. Courts of Equity do not interfere with the judgments and proceedings of the Courts of Law, except in peculiar cases. They do not interpose to correct the errors or irregularities of the Law Courts.

They only interpose upon equitable grounds—to do justice when, from their organization or otherwise, the common law tribunals are incapable of rendering it. They seldom or never interfere to give effect to a mere technical right. There must be substantial merit. *Fowler* v. *Lee*, (10 Gill. & J. 363,) is a case not substantially different from this in fact or principle. There, the charge in the bill was "that the complainant was never served with process by the Sheriff of Prince George's County, or either of his Deputies, in consequence whereof judgment was obtained against him by means of fraud and surprise." The Court says: " Courts of Chancery do not lightly interfere with judgments at law. It is only for the prevention of fraud, or to relieve from substantial injury or gross injustice, that its high and extraordinary power of interference by injunction is ever resorted to. It is never exerted merely for the correction of informalities or irregularities in legal or judicial proceedings. He who seeks to avail himself of such defects must prosecute his remedies at law; from a Court of Equity he can receive no countenance. A Court of Chancery, too, looks well to the consequences of its acts, and the case must indeed be a strong one, which would induce it to nullify a judgment at law, and thus as here, put it in the power of a debtor to plead the Statute of Limitations to a debt, which he does not deny to be justly due.

" But suppose a Court of Equity would relieve against a judgment rendered under the circumstances before mentioned, upon what terms would relief be granted? ' He who seeks equity must do equity,' is a maxim almost as old as the tribunal to which it applies. To obtain relief by injunction against this judgment, Semmes should, by his bill, have offered to do equity, by paying into Court that which, by his own statements, he had shown himself in honor and in conscience under an obligation to

pay. It may be said that Semmes could not safely have paid the debt for which the judgment was rendered; that he might again be compelled to pay the same debt to the legal representatives of George R. or John Fitzgerald. If such was his apprehension, he has not relied on it as a ground of relief; and if he had, it was his duty to have filed a bill of interpleader against such representatives and the Appellee, and paid the debt into Court, to be held for the benefit of the party showing his right to receive it."

In *Crafts* v. *Dexter*, (8 Ala. 769,) the Court say, that it is a question of great difficulty whether a defendant can come into equity to enjoin an unjust judgment, for want of notice after a return of service by the Sheriff. But the Court held that he could, on the authority of *Brooks* v. *Harrison*, (2 Ala. 209.) (See, also, 5 Littell, 109.) Many other cases might be cited to the same effect, but it is unnecessary to cite them, for we believe the doctrine is not disputed in any case; at least we have found none, and been referred to none. (See 5 Cal. 56; 7 Id. 54, and the recent case of *Holmes* v. *Laffan*, for an analogous principle.)

It is true, no demurrer was filed to the complaint, but the defect is radical, going to the foundation of the action. The error of the decree is apparent by reference to the bill and the decree, in which case we have held that the party aggrieved may assign error in the judgment, though no demurrer be interposed. The case made by the plaintiff himself, clearly shows that he was not entitled to any relief, or, as said in 10 Gill. & J. (*supra,*) "the complainant's equity must be shown by the bill, or he is entitled to no relief." (See, also, the case of *Tryon* v. *Sutton*, 13 Cal. and *Green* v. *Covillaud*, in this Court.) This error seems to have been specially assigned, in the points filed by the Appellant.

There is no pretense that a Court of Equity has any jurisdiction on the last ground in the bill—the improper issuance of the second execution. This error, if it were one, the Court issuing it could correct, and chancery has no cognizance of the irregularities alleged. (See the numerous cases cited in Appellant's brief.)

It follows, that the decree of the Court below must be reversed and the bill dismissed.

On petition for rehearing, the following opinion was delivered by BALDWIN, J.—COPE, J. concurring :

We deny the petition in this case. Our opinion did not misapprehend any material fact in the record. The bill does not charge that there was no service of process upon the plaintiff, who was defendant in the case, the judgment in which is sought to be enjoined. The general charge is made that the plaintiff was not served with process, but the bill does not charge that the Sheriff did not return the summons as served. There is nothing necessarily inconsistent in the asserted fact that the plaintiff was not served with process, and the return of the Sheriff that he was. The judgment of the Court recites that the defendant was served with process, and the fact that there appeared, years afterward, to be some erasure or interlineation on the return of the process, in the absence of a direct attack upon it for fraud or forgery, or alteration, is entirely too small a circumstance to justify a finding that the return was not regularly made by the officer. If we were to hold that this was sufficient to nullify the return, the consequence might be to shake confidence in, and impair the effect of, judicial proceedings.

The case made by the bill is as we put it in the opinion—the case, namely, of a defendant in a judgment, impliedly confessing the justice of the claim of the creditor, and seeking in equity to set aside the judgment by merely averring that he was not actually served with process, and we think we showed, both from reason and authority, that this cannot be permitted.

