### Pigg *v.* Pigg.

PROCESS.—*Service.—Return.—Residence.*—Under a statute (2 G. & H. 582) requiring that summons shall be served by reading the same to the defendant " or leaving a copy thereof at his last usual place of residence," etc., a return of service "by copy left at the residence" of the defendant is sufficient.

From the Sullivan Common Pleas.

*S. Coulson,* for appellant.

BUSKIRK, J.—The only question arising in the record in this cause is, whether or not the return made by the constable on the summons issued by the justice of the peace shows a service sufficient to bring the defendant into court.

The return is as follows: "Served by copy, March 1st, 1870, left at the residence of Richard H. Pigg.

"PHILLIP HOUCK, C. C."

The record says that on the 2d day of March defendant appeared and called for witnesses in said suit to appear on the 5th day of March, 1870, at Center school-house.

The defendant appeared before the justice and moved to dismiss the suit because of insufficient service; the motion was overruled, and the cause was tried upon its merits, and a judgment was rendered for appellant, who was plaintiff below. From this judgment the appellee appealed to the court of common pleas, where the motion to dismiss was renewed and sustained by the court. To this ruling the appellant excepted and assigns for error this ruling.

The twenty-second section of the justices' act, 2 G. & H. 582, provides, that " such summons shall be served at least three days before trial, by reading the same to the defendant, or leaving a copy thereof at his last usual place of residence, and if not so served, such cause shall be continued for a reasonable time."

The above section is, in substance, the same as sec. 35 of the code, 2 G. & H. 60, which provides the manner in which summons from the circuit or common pleas courts shall be served, and judicial constructions of such section will apply with equal force to the section under examination.

Were the service and return, in the present case, sufficient? The return shows that the summons was served by leaving a copy at the residence of the defendant. The statute provides, that " the summons shall be served either by reading to the defendant or leaving a copy thereof at his last usual place of residence." It is provided by section 35, *supra,* that " the summons shall be served, either personally on the defendant, or by leaving a copy thereof at his usual or last place of residence."

This court, in *Sturgis* v. *Fay,* 16 Ind. 429, defined the meaning of the phrase " at his usual or last place of residence." The court say: " The usual or last place of residence, means the residence into which the person, still a resident of this State, has moved, in this State, last before the service of the process. This requirement secures the service at the actual residence of the defendant, in this State, at the time of the service."

The meaning of the statute is, that the copy shall be left

at the actual residence of the defendant, in this State, at the time of the service. As we have seen, the usual or last place of residence means the actual place of residence. When the return shows that the copy was left at the residence of the defendant, it sufficiently shows that it was left at his usual and last place of residence, because no person can have two places of residence at the same time.

It was held by this court, in *Campbell* v. *Swasey*, 12 Ind. 70, and *Sturgis* v. *Fay*, 16 Ind. 429, that a return was sufficient which showed that the summons had been served by leaving a copy at the residence of the defendant.

These cases are directly in point.

We think the court erred in dismissing the action, for which the judgment must be reversed.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to overrule the motion to dismiss, and for further proceedings in accordance with this opinion.