Williams *et al. v.* Hitzie *et al.*

---

No. 9460.

## WILLIAMS ET AL. *v.* HITZIE ET AL.

MISNOMER.—The names *Erwin* and *Irvin* are substantially *idem sonans* and the same.

SAME.—*Attachment and Garnishment.—Judgment.—Execution.—Injunction.—* A garnishee summoned by a wrong name, who appears and allows judgment to go against him by his true name, can not on that account stop the execution by injunction.

SUMMONS.—*Return.—Jurisdiction.*—A constable's return to a summons which shows service on the defendant " by leaving a true and certified copy at his last usual place of residence; I made enquiry at his last usual place of residence as to his whereabouts, but could not ascertain," is sufficient to give jurisdiction of the person of the defendant.

| | |
|---|---|
| 83 | 303 |
| 140 | 163 |
| 142 | 349 |
| 83 | 303 |
| 151 | 208 |
| 83 | 303 |
| 166 | 655 |
| 166 | 656 |
| 166 | 657 |
| 166 | 658 |

INJUNCTION.—*Judgment.*—A party seeking to enjoin the collection of a judgment against him, rendered without jurisdiction, who does not deny the indebtedness or allege its payment or an offer to pay it, will be denied relief, on the ground that he must do equity as the condition upon which he asks equity.

From the Benton Circuit Court.

*D. E. Straight* and *U. Z. Wiley,* for appellants.

MORRIS, C.—This suit was brought by the appellants against the appellees, to enjoin them from proceeding to collect a judgment obtained by the appellee Purdy against the appellant Litchfield before a justice of the peace.

The complaint states that on the 9th day of March, 1880, the appellee Purdy commenced a suit against the appellant Williams before one George Wadsworth, a justice of the peace of Center township in said county; that Williams was sued by the Christian name of Erwin instead of Irvin; that Purdy procured an attachment to be issued in said action against the goods and chattels of Williams, and a writ of garnishment against Litchfield, by the name of Richard Litchfield instead of Dexter Litchfield; that a summons was issued against Williams, who is alleged to have removed from Benton to Tippecanoe county, some three or four months before the commencement of the suit.

The summons was pretendedly served on Williams on the 10th of March, 1880, and was returnable on the 13th day of March. The return endorsed on the summons was as follows:

"On March 10th, 1880, I served this writ on the within named Erwin Williams, by leaving a true and certified copy thereof at his last usual place of residence. I made enquiry at his last usual place of residence as to his whereabouts, but could not ascertain. I now return this writ with my doings thereon, March 10th, 1880."

The writ of attachment was returned no property found. A proper undertaking was filed in the action. The affidavit filed for the attachment was as follows:

" ALBERT J. PURDY *v.* ERWIN WILLIAMS.

"Before George Wadsworth, Justice of the Peace of Center township.

"The said Albert J. Purdy makes oath that the claim in this action is for services rendered as a practicing physician for said Erwin Williams, at his special instance and request. And the said Albert J. Purdy also makes oath that said Erwin Williams so conceals himself that a summons can not be served upon him; that he has sold, conveyed or otherwise disposed of his property subject to execution, or suffered or permitted it to be sold with the fraudulent intent to cheat, hinder and delay his creditors."

An affidavit was also filed to the effect that the appellant Richard Litchfield was indebted to the said Williams.

On the 13th of March, 1880, Litchfield, the garnishee, and Purdy appeared before the justice. The appellant Williams did not appear. The cause was called for trial by the justice; Williams was defaulted, and the justice proceeded, as shown by his docket entry copied into the complaint, as follows:

"Comes Albert J. Purdy, plaintiff herein, and Dexter Litchfield, garnishee in this behalf, and, having been called, the defendant Erwin Williams comes not, but makes default herein. And upon motion of plaintiff, this cause is submitted to the court, and after hearing the evidence in said cause the court finds that said attachment proceedings should be sustained, and that the defendant Erwin Williams is indebted to the plaintiff, Albert J. Purdy, in the sum of $53; and the court, after hearing all the evidence and swearing the garnishee, finds that said garnishee is indebted to said Williams in the sum of $60, and that the same should be applied to the payment of said debt of the plaintiff and the costs. It is therefore considered by the court, that the proceedings in attachment against the said Erwin Williams be sustained; that he has fraudulently sold his goods and chattels to hinder, cheat and delay his creditors; that said Dexter Litchfield is indebted to said Erwin Williams in the sum of $60, and that the plaintiff do have and recover of the defendant Dex-

ter Litchfield, garnishee herein, the sum of $60, with interest at six per cent. from the date hereof, with relief from appraisement laws; that defendant Litchfield recover of the plaintiff his costs herein."

It is alleged that in August following the justice issued an execution on said judgment which had been placed in the hands of the appellee Hitzie, as constable of said Center township; that he had levied it upon the property of Litchfield, and taken a delivery bond for the same; that the bond had been forfeited, and that the appellees were about to sell the property of said Litchfield at a great sacrifice, and would do so unless restrained by the court; that said Litchfield believes that the proceedings before the justice are void, and that, should he pay said judgment, he will still be liable to his co-plaintiff to pay it over again to him. It is also alleged that Williams had no notice of said proceedings until it was too late to appeal therefrom; that at the time said suit was commenced before said justice he had no residence in Benton county, but had removed to, and was at the time a *bona fide* resident of, Tippecanoe county; that the return endorsed on the summons was false. It is also averred that he had not sold or disposed of any of his property with intent to cheat, hinder or delay any of his creditors. It is also alleged that Litchfield was ignorant of the residence of Williams until it was too late to appeal from the judgment of the justice.

The prayer is, that the appellees may be perpetually enjoined from proceeding on said judgment, and for general relief.

The appellees answered the complaint by a general denial. The cause was submitted to the court for trial; finding for the appellees. The appellants moved for a new trial. The motion was overruled, and judgment rendered for the appellees.

The error assigned is the overruling of the motion for a new trial.

The grounds upon which the appellants ask a new trial are:

1. Because the court refused to allow the appellants to prove

on the trial that the appellee Purdy had sued on the delivery bond given to the constable for the property levied upon to satisfy the judgment sought to be enjoined.

2. That the court erred in not allowing the appellants to amend their complaint by inserting an averment therein that Purdy intended to collect said judgment from the parties who executed the delivery bond to the constable.

3. Because the finding was not sustained by sufficient evidence.

There was no error in excluding the testimony offered by the appellants. It did not tend to prove any fact stated in the complaint. Nor was there any error in refusing leave to the appellants to amend their complaint. The proposed amendment would have added nothing to it. If the complaint, amended as proposed, would have been good, it is equally good without the amendment.

The proof sustained the complaint, except that there was testimony tending to show that before this suit was commenced the execution on which proceedings were sought to be enjoined had been returned, and it also appeared by the testimony of the appellant Litchfield, that he knew at the time judgment was rendered against him as garnishee, that the appellant Williams resided in Tippecanoe county, and not in Benton county.

It is claimed by the appellants that the proceeedings before the justice were void as to the appellant Williams, because he was sued by the name of *Erwin*, instead of *Irvin*, his true name. We think the variance was immaterial. It has been held that Beckwith and Beckworth, McGloflin and McLaughlin, Lewis and Louis, may be regarded as the same. *Stewart* v. *State*, 4 Blackf. 171; *McLaughlin* v. *State*, 52 Ind. 476; *Girous* v. *State*, 29 Ind. 93. See also *James* v. *State*, 7 Blackf. 325.

Did the return of the constable to the summons issued in the attachment suit give the justice jurisdiction of the person of the appellant Williams? The appellant Williams states

in his complaint that he was the person intended, and the constable says in his return that he served the summons "upon the defendant Erwin Williams by leaving a true and certified copy at his last usual place of residence." This return must be held to be sufficient to give the justice jurisdiction of the person of Williams. *Pigg* v. *Pigg*, 43 Ind. 117; *Campbell* v. *Swasey*, 12 Ind. 70; *Sturgis* v. *Fay*, 16 Ind. 429.

It is said that the proceedings in garnishment were commenced against Richard instead of Dexter Litchfield. But Litchfield appeared and judgment was taken against him in his true name. The judgment, however irregular and erroneous, was not void. Nor were the proceedings void as to Williams.

The justice having jurisdiction of the person of the appellants, the proceedings should not, upon the facts stated in the complaint, be enjoined. The appellants may, if injured, have their remedy at law against the constable on his bond, or against the appellee Purdy and his sureties upon the undertaking in the attachment proceeding. *Earl* v. *Matheney*, 60 Ind. 202.

It is not alleged in the complaint that the appellant Williams was not indebted to the appellee Purdy in the sum for which the latter sued. If so indebted, he should have offered to pay the debt before asking the aid of a court of equity. Had the appellant alleged payment, or an offer to pay, or that he was not indebted to Purdy, the case might possibly admit of a different solution. But nothing of the kind is alleged or proven. On the contrary, the inference from all the facts alleged and proved is that Williams was, and still is, indebted to Purdy in the sum for which the latter obtained judgment. He is not in a position to ask a court of equity to exert its extraordinary powers for his protection.

Freeman, after stating that it has been held that where judgment has been rendered against a party without service of process and without his knowledge, he may be relieved without showing merits, adds: "But the better established rule,

undoubtedly, is, that notwithstanding an alleged want of service of process, a court of equity will not interfere to set aside a judgment until it appears that the 'result will be other or different from that already reached.'" *Taggart* v. *Wood,* 20 Iowa, 236 ; *Gregory* v. *Ford,* 14 Cal. 138 ; *Piggott* v. *Addicks,* 3 Greene, Ia. 427 ; *Crawford* v. *White,* 17 Iowa, 560 ; *Stokes* v. *Knarr* 11 Wis. 407. · In the last case cited the court says ; " We do not deem it necessary to decide whether the justice of the peace lost jurisdiction of the case. * * It may be conceded for the purpose of this case that he did, and we still think it does not follow that a court of equity will interfere to enjoin the judgment. Those courts do not interfere merely for a defect of jurisdiction in the court where the judgment is rendered. 2 Story Eq. Jur., sec. 898. On the contrary, they interfere only to prevent injustice. And if a party can say nothing against the justice of a judgment, can give no reason why in equity he ought not to pay it, a court of equity will not interfere, but will leave him to contend against it at law, in the best way he can."

It is quite probable that had the appellant Williams ʼpaid to Purdy what he owed him, it would not have been necessary to bring this suit. He must show that the judgment is wrong, that he did not owe the debt for which it was rendered, or that he has offered to pay it, before he asks the aid of a court of equity. He must do equity as the condition upon which he asks equity.

We think there is no error in the record, and that the judgment below should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be in all things affirmed, at the costs of the appellants.