GERRISH v. HUNT ET AL.

1. **Judgment Without Notice:** ACTION TO SET ASIDE AND TO
ENJOIN EXECUTION: PETITION AND DEMURRER. A judgment rend-
ered against a party without notice will usually be set aside, and its
collection enjoined, by chancery; but not if it appears that the party
holding the judgment has a valid claim whereon it was rendered, to
which there is no defense. But where the cause was presented upon a
demurrer to the petition, which alleged the facts showing the invalidity
of the judgment, without admitting the indebtedness on which it was
rendered, the demurrer was properly overruled, and, defendants refus-
ing to plead further, the judgment was properly set aside and its collec-
tion enjoined.

2. ———: ———: PAYMENT OF DEBT AS CONDITION. In such case
plaintiff could not be compelled to pay the debt as a condition to the
relief asked, because, as the case was presented to the court, it did not
appear that he owed defendants anything.

*Appeal from Linn Circuit Court.*

WEDNESDAY, JULY 22.

ACTION in chancery to set aside and declare void a judg-
ment recovered by defendant Hunt against plaintiff, and to
restrain the enforcement of an execution issued thereon. A
demurrer to the petition was sustained, and, plaintiff declin-
ing to amend, it was dismissed. He now appeals to this
court.

*Blake & Hormel,* for appellant.

*Preston Brothers,* for appellees.

BECK, CH. J.—I. The petition alleges that in 1870 defend-
ant Hunt recovered a judgment against plaintiff and another,

1. JUDGMENT
without no-
tice: action
to set aside
and to enjoin
execution:
petition and
demurrer.

and that plaintiff was not served with notice of
any character, and had no knowledge of the
existence of the judgment until after the execu-
tion was issued which he seeks to enjoin, and
that he has a good defense to the cause of action

Gerrish v. Hunt et al.

on which the judgment was rendered, in that it is barred by the statute of limitations. The petition does not admit indebtedness to the defendant, or that he executed or is bound by the promissory note upon which judgment was rendered.

II. The demurrer was erroneously sustained. A judgment rendered without service of notice, or other process required by law, is void for want of jurisdiction in the court rendering it. This familiar rule of the law need not be supported by citation of authorities. Such a judgment will be set aside and process thereon enjoined by chancery. But this relief will not be granted if it appear that the party holding such void judgment has a valid claim whereon it was rendered, to which there is no defense. In the case before us, the petition, which is admitted by the demurrer, alleges the invalidity of the judgment, but neither directly nor inferentially admits the existence of the indebtedness for which it was rendered. The case, as presented by the petition, shows the invalidity of the judgment without showing the existence of the debt for which it was rendered.

III. Counsel for defendant insist that plaintiff can have no relief against defendant until he offers to pay or pays the amount due upon the note upon which judgment was rendered; that he cannot ask for equity until he does himself what equity demands. But, as we have pointed out, the case presented by the petition does not require plaintiff to do anything, for it does not appear therein that the plaintiff is indebted to defendant.

2. ——: ——: payment of debt as condition.

The foregoing consideration disposes of all questions argued by counsel. The cause will be remanded for proceedings in accord with this opinion.

REVERSED.