Wilson v. Shipman.

JOHN WILSON v. J. E. SHIPMAN.

[FILED MAY 18, 1892.]

1. **Summons: RETURN: CONTRADICTION.** The return of an officer on a summons, that he had personally served a copy of the same on the defendants, may be contradicted and disproved by the defendant; but it must be clear from the evidence and circumstances that the return is untrue, otherwise it is the duty of the court to sustain it.

2. **Judgments: INJUNCTION.** To authorize the enjoining of a judgment it must appear that there is a good defense to the merits and that the judgment is contrary to equity and good conscience.

ERROR to the district court for Buffalo county. Tried below before HAMER, J.

*Calkins & Pratt*, for plaintiff in error, cited, contending that the judgment was conclusive and could not be attacked collaterally: *Johnson v. Jones*, 2 Neb., 133; *Keybers v. McComber*, 67 Cal., 395; *Michels v. Stork*, 52 Mich., 260; *Lees v. Wetmore*, 58 Ia., 170; *Gregory v. Bovier*, 77 Cal., 121; *McCurdy v. Baughman*, 43 O., 78; *Cumberland Co. v. Boyd*, 113 Pa. St., 52.

*R. A. Moore, contra*, cited, as to contradicting the return: *McRoberts v. Lyon*, 44 N. W. Rep. [Mich.], 163; *Michels v. Stork*, 52 Mich., 260; *Starbuck v. Murray*, 5

Wend. [N. Y.], 148; *Culver's Appeal,* 48 Conn., 165; *Cooper v. Sunderland,* 3 Ia., 114; *Mastin v. Gray,* 19 Kan., 458; *Harlow v. Pike,* 3 Greenl. [Me.], 438; *Ainge v. Corby,* 70 Mo., 257; *Bigelow v. Stearns,* 19 Johns. [N. Y.], 39; *Barber v. Winslow,* 12 Wend. [N. Y.], 102; *People v. Cassels,* 5 Hill [N. Y.], 164.

MAXWELL, CH. J.

This is an action to enjoin a judgment of a justice of the peace. The court below found that there had been no personal service on the defendant and enjoined the judgment. It appears from the record that in December, 1888, Moore & Shipman were engaged in business on North Sixteenth street in the city of Omaha; that this store was in charge of Miss Allen; that on the 8th of that month a bill for merchandise for the sum of $227.59, furnished by O. R. Tennis & Co., was presented to Moore & Shipman at their place of business; that no objection was made to the bill itself, but it was claimed by Mr. Moore that time had been given for a part of the claim, and, therefore, he refused to pay the same. He then drew a check in the name of Moore & Shipman in favor of himself for the sum of $69.85, and, with a Mr. Robertson, who had the claim for collection, went to the bank and drew that sum and paid the same; that Mr. Robertson notified Moore & Shipman that he understood the entire claim to be due and that he would bring suit for the remainder. There seems to have been an agreement that they would accept service. Mr. Robertson thereupon began an action for the balance of the account and took the summons to the store of Moore and Shipman and began to write an acceptance of service on the summons, when in consequence of some statement of Mr. Moore he was induced to call an officer to serve the summons. He found a constable at the door of the store and handed him the summons to serve, both Moore and

Shipman being then in the store. The constable testifies that he went immediately into the store and served the summons, and his return on the same is in due form. On the return day of the summons Moore and Shipman failed to appear, and the justice rendered judgment against them for the sum of $158 and costs. A transcript of the judgment was then filed in the district court and an execution issued thereon, which was levied upon certain real estate of Shipman, who thereupon brought this action to enjoin the judgment upon the sole ground that he had not been served with summons. It may be conceded that the jurisdictional facts alleged in the record of a judgment of a court of inferior jurisdiction may be controverted. (*First Natl. Bank of New Haven v. Balcom,* 35 Conn., 351; *Culver's Appeal,* 48 Id., 165; *Cooper v. Sunderland,* 3 Ia., 114; *Sallady v. Bainhill,* 29 Id., 555; *Mastin v. Duncan* [Gray], 19 Kan., 458, annotated in 17 Am. Law. Reg., U. S., 564; *Harlow v. Pike,* 3 Greenl. [Me.], 438; *Ainge v. Corby,* 70 Mo., 257; *Bigelow v. Stearns,* 19 Johns. [N. Y.], 39; *People v. Cassells,* 5 Hill [N. Y.], 164; *Barber v. Winslow,* 12 Wend. [N. Y.], 102; *Relyea v. Ramsay,* 2 Id., 602; *Porter v. Bronson,* 29 How. Pr. [N. Y.], 292; *Adams v. Saratoga & W. R. Co.,* 10 N. Y., 328; 12 Am. & Eng. Ency. of Law, 148c.)

In a proper case a judgment will be enjoined where it was rendered against a defendant without service of process. (10 Am. Ency. of Law, 902.) In the case at bar, however, the evidence of want of service is not sufficient to overcome the return of the officer, corroborated as it is, by circumstances. Thus it is clearly shown that both of the parties were in the store when the officer entered, and thus the opportunity of service was had, and the return of service made with a charge presumably for two copies of the summons. The officer also was a witness and testified in this case that he served the summons upon both defendants. To offset this we have the testimony of

Shipman, that service was not made, and of Moore, that it was not made in his presence. Upon this testimony, considering all the circumstances, we do not think suf. ficient is shown to justify the court in holding that there was no service.

But there is another reason why the judgment should be reversed. The principal object of vacating a judgment is to permit an opportunity for a full examination of the matters in controversy; therefore, if the defendant ask to have a judgment against him set aside, he must allege, and if necessary prove, that he has a valid defense to the action. In *Gerrish v. Hunt,* 66 Ia., 682 [24 N. W. Rep., 275], it is said: "This relief (by injunction) will not be granted if it appear that the party holding such void judgment has a valid claim whereon it was rendered, to which there is no defense. The general principle underlying the jurisdiction is that it must be against conscience to execute the judgment sought to be enjoined. Therefore, if there is no evidence of a defense on the merits, or that the judgment is contrary to equity and good conscience, it will not be enjoined. (High on Inj., sec. 86; *Ableman v. Roth,* 12 Wis., 90.) No defense is either alleged or proved in this case. The judgment is therefore reversed and the action

DISMISSED.

THE other judges concur.