OSCAR F. JANES ET AL., APPELLEES, V. SAMUEL J. HOWELL ET AL., APPELLANTS.

FILED JUNE 29, 1893.   No. 4868.

Judgments: ACTION IN EQUITY TO VACATE: PLEADING.   A court of equity will not vacate a judgment at law merely on the ground that the officer's return, that he had served the summons on the defendant to the judgment by leaving a copy of the process at his usual place of residence, was false.   It must also be averred and proved that the defendant to the judgment has a meritorious defense to the same.

APPEAL from the district court of Douglas county. Heard below before WAKELEY, J.

*Cornish & Robertson*, for appellants.

*Brown & Talbott, contra.*

RAGAN, C.

On January 8, 1889, the appellants recovered judgment against the appellees in the county court of Douglas county. The return of the summons in the case is as follows: "On December 27, 1888, I received this writ, and on December 27, 1888, I served it by leaving a certified copy of this writ and endorsements thereon at the usual place of residence of O. F. Janes and M. E. Janes, the defendants, in

Douglas county, Nebraska. George Karll, constable."
The record of the judgment in the county court recites:
"This cause came on for trial to the court;  *  *  *  de-
fendants did not appear.   It appearing to the court that
said defendants had been duly served with summons and
came not, default was made," etc.   On June 3, 1889, the
appellees filed in the district court of Douglas county their
petition in which they alleged the recovery against them
in the county court of the aforesaid judgment; that during
the month of January, 1889, and for some time previous
thereto, they resided in said Douglas county, and that they
had no knowledge of the commencement by the said How-
ell of an action against them, nor of the rendition of a
judgment therein, until after the same was rendered.   They
further aver that no summons issued in the case was served
upon them in any way or form known to the law; nor was
there any notice of any kind given them, or served on
them, or either of them, of the commencement of Howell's
action; that they had a good and valid defense thereto;
that they had no adequate remedy at law, and prayed that
said judgment in favor of said Howell might be set aside
and held for naught, and that all the proceedings had
thereunder might be set aside and annulled.   The district
court by its decree vacated the judgment and the appellants
bring the case here.

The decree will have to be reversed for the reason that
there is neither pleading nor proof on the part of the ap-
pellees that they have any valid defense to the claim on
which appellants' judgment is based.   The petition does
state that they, the appellees, "have a valid defense," but
this is a mere conclusion.   The plea, to be good in this re-
spect, must set out what the defense is, state the facts, so
that the court can determine whether the facts constitute a
defense.

While there is some conflict the weight of authority
undoubtedly is that a court of equity will not enjoin a

24

judgment at law merely on the ground that the process in the suit in which the judgment was rendered was not served on the defendant, or, in other words, that the return of the officer as to service is, in fact, false. To justify the interposition of a court of equity in such a case it must be further shown that if the relief sought be granted, a different result will be obtained from that already adjudged by the judgment alleged to be void. (*Colson v. Leitch,* 110 Ill., 504, and cases there cited; 3 Pomeroy, Equity Jurisprudence, sec. 154, and cases there cited.) It is, however, the settled law of this state that a court of equity will not set aside a judgment at law regular on its face, when it is not shown that the judgment was rendered when no cause of action existed. (*Osborn v. Gehr,* 29 Neb., 661.) The decree of the district court is reversed and the cause remanded for further proceedings in accordance with this opinion.

REVERSED AND REMANDED.

THE other commissioners concur.