A. P. PILGER ET AL., APPELLEES, v. VICTOR K. TORRENCE ET AL., APPELLANTS.

FILED DECEMBER 4, 1894.    No. 5869.

Judgments: ACTION TO SET ASIDE: PLEADING AND PROOF. When one against whom a judgment has been rendered seeks the affirmative aid of a court of equity to relieve him from that judgment, he must aver and prove that he had a meritorious defense to the action in which judgment was rendered. This is true even though the judgment be void, provided at least its invalidity does not appear on the face of the record.

APPEAL from the district court of Madison county. Heard below before ALLEN, J.

*Griggs & Rinaker* and *J. A. Smith*, for appellants.

*Barnes & Tyler, contra.*

IRVINE, C.

A judgment was rendered in the district court of Pierce county in favor of Torrence and against the plaintiffs in this case. A transcript of this judgment was filed in Madison county, and this action was brought against Torrence and the sheriff of Madison county to enjoin the enforcement of the judgment, it being claimed that the judgment had been entered without jurisdiction. An injunction was granted, and the defendants appeal.

It is not necessary to consider the questions raised as to the validity of the judgment. The plaintiffs do not in their petition allege that they had any meritorious defense to the action. When one against whom a judgment has been rendered seeks the affirmative aid of a court of equity to relieve him from that judgment, he must aver and prove that he had a meritorious defense to the action in which judgment was rendered. This is true even though the judgment be void, provided at least its invalidity does not appear on the face of the record. (*Osborn v. Gehr*, 29 Neb., 661; *Janes v. Howell*, 37 Neb., 320 ; *Langley v. Ashe*, 38 Neb., 53; *Gould v. Loughran*, 19 Neb., 392 ; *Proctor v. Pettitt*, 25 Neb., 96 ; *Winters v. Means*, 25 Neb., 242; *Lininger v. Glenn*, 33 Neb., 187 ; *Petalka v. Fitle*, 33 Neb., 756 ; *Wilson v. Shipman*, 34 Neb., 573.)

REVERSED AND CAUSE DISMISSED.