Meyer v. Wilson—166 Ind. 651.

MEYER ET AL. v WILSON ET AL.

[No. 20,632.   Filed February 1, 1906.   Rehearing denied June 6, 1906.]

1. APPEAL AND ERROR.—*Assignment of Errors.*—*Question Twice Presented.*—Where two alleged errors present the same question, but one will be considered.   p. 652.

2. JUDGMENT.—*Validity.*—*Insufficient Complaint.*—A judgment rendered upon an insufficient complaint is not, for that reason, void.   p. 654.

3. SAME.—*Validity.*—*Parties.*—*Names.*—The use of a firm name, the surname alone, or the surname and the initial of the Christian name in a judgment does not render such judgment void, such being a mere irregularity   p. 654.

4. ACTION.—*Parties.*—*Service.*—*Statutes.*—Under §1520 Burns 1901, §1452 R. S. 1881, service of summons by leaving a copy thereof at defendant's "last usual place of residence" constitutes actual and not merely constructive service.   p. 655.

5. SAME.—*Parties.*—*Service.*—*Fraud.*—Where summons is not served and the officer makes a false and fraudulent return of service, such return is not conclusive.   p. 655.

6. JUDGMENT.—*Justices of the Peace.*—*Collateral Attack.*—*Defective Service.*—Where the service is defective but the court, even though it be an inferior court, has passed upon its sufficiency and held it good, the judgment rendered in such cause is not subject to collateral attack.   p. 656.

7.ˑ JUDGMENT. — *Void.* — *Setting Aside.—Meritorious Defense.*—
Usually, a court of equity will not set aside a judgment, void
for want of jurisdiction of the court rendering it, unless the
party asking it has and presents a meritorious defense thereto.
p. 656.

From Tippecanoe Circuit Court; *R. P. DeHart,* Judge.

Suit by Gustave Meyer and another against W. Bent
Wilson and another. From a decree for defendants,
plaintiffs appeal. Transferred from Appellate Court
under §1337u Burns 1901, Acts 1901, p. 590. *Affirmed.*

*Davidson & Boulds,* for appellants.

*John F. McHugh, A. D. Cunningham* and *Charles E.
Thompson,* for appellees.

MONKS, J.—Appellants brought this suit January 10,
1900, against appellees to obtain a decree canceling and
declaring void a judgment rendered by appellee Warner as
justice of the peace, in favor of his coäppellee against ap-
pellants by the name of Meyer Brothers, and to enjoin the
collection of the same. The court at the request of the
parties made a special finding of facts and stated conclu-
sions of law thereon. Over a motion for a new trial, judg-
ment was rendered in favor of appellees.

The errors assigned call in question (1) the conclusions
of law, and (2) the action of the court in overruling appel-
lants' motion for a new trial. As the second alleged
error only presents questions which are included in
the first, we will only consider the latter.

The facts found by the court and necessary to the deter-
mination of this cause are, in substance, that appellants are
brothers, and as such, under the name and style of "Stand-
ard Tailors," conducted a tailoring establishment in the
city of LaFayette, Fairfield township, Tippecanoe county,
Indiana, in the years 1898 and 1899. Said business was
conducted in said city until about June 22, 1899. One of
said brothers, a cripple, remained at their place of business
in said city until said business was abandoned, about the
date above named, attending to said business during all the

time it was conducted. The other brother spent a part of his time at said store and a part of his time away from the city of LaFayette. Appellee Wilson commenced an action against appellants before his coäppellee Warner, a justice of the peace of Fairfield township, Tippecanoe county, Indiana, to recover a balance alleged to be due on account for advertising "furnished them in a newspaper owned by said Wilson, and for subscription for said newspaper." Appellants were designated in said action before the justice of the peace as "Meyer Brothers, partners doing business under the firm name of Standard Tailors." Said justice of the peace issued a summons on June 22, 1899, to the proper constable, commanding him to summon "Meyer Brothers, partners doing business under the firm name of the Standard Tailors," to appear and answer said complaint at 2 o'clock p. m. on June 26, 1899. On the same day said constable made the following return on said writ: "Came to hand June 22, 1899. Served this writ by leaving a true copy of the same at the last and usual place of residence of the within named defendant, this 22d day of June, 1899. J. A. Sommerville, constable."

The proceedings before the justice of the peace in said cause on the day set for trial, as entered in his docket, are set forth in the special findings of the court as follows: "And now on June 26, 1899, at 2 o'clock p. m., the day and hour set for trial of this cause, comes the plaintiff in person and by Arthur Cunningham, his attorney, but the defendant comes not, and the return of the constable on the process issued herein showing that the defendant had notice and had been served with process more than three days prior to this date. Therefore defendants are in open court three times audibly called and come not, but herein wholly make default. The plaintiff, W. Bent Wilson, was sworn and examined, and his evidence heard. And the court being fully advised in the premises finds that there is due and owing to the plaintiff from the defendant the sum of $35.25,

and costs and charges herein. It is therefore considered and adjudged by the court that the plaintiff do have and recover of and from the defendant the sum of $35.25, and the costs and charges and accruing costs of this writ. Witness my hand and seal this 26th day of June, 1899."

No fraud was committed by the constable in his service of said process or in his return indorsed thereon. The conclusions of law stated were in favor of appellees.

Appellants insist that said judgment is void: (1) Because the statement of the cause of action is insufficient; (2) because the Christian names of the Meyer Brothers are not stated, and there is no allegation that the same are unknown; (3) because the return of the constable as to service of the summons did not show a legal service thereof, in this: that (a) each defendant in said cause was entitled to a copy, and the return shows a service by one copy; (b) that the return only shows service on "the defendant" when there was more than one defendant, and the one served is not designated; (c) that service as shown by leaving a copy at the last and usual place of residence is not a compliance with the statute. This court has held that a judgment rendered upon an insufficient complaint is not void for that reason. *State, ex rel.,* v. *Krug* (1884), 94 Ind. 366, 370; *Abdil* v. *Abdil* (1870), 33 Ind. 460, 462; *Fritz* v. *State* (1872), 40 Ind. 18, 21-23; *State* v. *George* (1876), 53 Ind. 434, 438; *Jarrell* v. *Brubaker* (1898), 150 Ind. 260, 272; *Maynard* v. *Waidlich* (1901), 156 Ind. 562, 575; 2 Van Fleet, Former Adjudication, p. 767. A judgment in favor of or against a firm in its firm name, or in favor of or against a person by his surname alone, or by name in which an initial letter is used instead of his Christian name, is not void, but is merely irregular. *Hopper* v. *Lucas* (1882), 86 Ind. 43, 49, 50, 52, 53; *Jones* v. *Martin* (1840), 5 Blackf. 351; *Bridges* v. *Layman* (1869), 31 Ind. 384, 386; *Peden* v. *King* (1868), 30 Ind. 181, 183;

*Thatcher* v. *Coleman* (1839), 5 Blackf. 76; *Cummins* v. *Peed* (1886), 109 Ind. 71, 72; *McGaughey* v. *Woods* (1886), 106 Ind. 380, 382; *Hahn* v. *Behrman* (1880), 73 Ind. 120, 122, 123; *Morningstar* v. *Wiles* (1884), 96 Ind. 458; 1 Freeman, Judgments (4th ed.), p. 280; 20 Ency. Pl. & Pr., 1131, 1183. This court said in *McGaughey* v. *Woods, supra,* on page 382: "Where a judgment was taken in favor of partners by their firm name against a defendant by the name of 'H. H. Greenup,' it was held the judgment was not a nullity. * * * A judgment which omits the Christian names of the parties altogether, while it may not be binding on persons who in good faith acquire subsequent liens, is nevertheless good between the parties."

The statutes of this State authorize service of process on the defendant in cases before a justice of the peace by "leaving a copy thereof at his last usual place of 4. residence." §1520 Burns 1901, §1452 R. S. 1881 and Horner 1901. It has been held that service by copy is not constructive, but actual, service and is conclusive between the parties. *Pigg* v. *Pigg* (1873), 43 Ind. 117; *Smith* v. *Noe* (1868), 30 Ind. 117; *Williams* v. *Hitzie* (1882), 83 Ind. 303; *Hume* v. *Conduitt* (1881), 76 Ind. 598, 600, and cases cited; *Splahn* v. *Gillespie* (1874), 48 Ind. 397, 405, 407, 410; *Dunkle* v. *Elston* (1880), 71 Ind. 585; *Sturgis* v. *Fay* (1861), 16 Ind. 429, 79 Am. Dec. 440. If, however, the process was not served by the officer, and false return was procured by the 5. fraudulent acts of the plaintiff, or by a conspiracy between him and the officer, the same is not conclusive. *Cavanaugh* v. *Smith* (1882), 84 Ind. 380, 382, 383; *Brown* v. *Eaton* (1884), 98 Ind. 591, 594; *Krug* v. *Davis* (1882), 85 Ind. 309; *Walker* v. *Robbins* (1852), 14 How. (U. S.) *584, 14 L. Ed. 552; *Knox County* v. *Harshman* (1890), 133 U. S. 152, 10 Sup. Ct. 257, 33 L. Ed. 586; *Johnson* v. *Jones* (1859), 2 Neb. 126; *Taylor* v. *Lewis* (1829), 2 J. J. Marsh 400, 19 Am. Dec. 135;

*Thomas* v. *Ireland* (1889), 88 Ky. 581, 11 S. W. 653, 21 Am. St. 356.   It is settled law in this State that even where the court is one of inferior jurisdiction as a justice of the peace or board of commissioners, and there is a defective notice and the court has passed upon its sufficiency, as a general rule the judgment in such a case is not subject to collateral attack.   1 Freeman, Judgments (4th ed.), §126; *McAlpine* v. *Sweetser* (1881), 76 Ind. 78; *Muncey* v. *Joest* (1881), 74 Ind. 409; *Stout* v. *Woods* (1881), 79 Ind. 108; *Brown* v. *Goble* (1884), 97 Ind. 86, 89.

It is not necessary, however, to decide whether said judgment was void for want of jurisdiction over the defendants in said action before the justice of the peace, for the reason that it was not alleged in the complaint in this case and proved at the trial that appellants had a meritorious defense to said action in which said judgment was rendered.   The weight of authority is that where one seeks to enjoin a judgment as void on account of want of service of process, there being no appearance to the action, it is necessary to allege and prove that he has a meritorious defense to the action in which the judgment was rendered.   2 Freeman, Judgments (4th ed.), §§495, 498; 1 Black, Judgments (2d ed.), §376; 1 High, Injunctions (4th ed.), §126; *Williams* v. *Hitzie* (1882), 83 Ind. 303, 308, 309; *State* v. *Hill* (1887), 50 Ark. 458, 8 S. W. 401; *Stewart* v. *Brooks* (1885), 62 Miss. 492; *Newman* v. *Taylor* (1892), 69 Miss. 670, 13 South. 831; *Massachusetts, etc., Life Assn.* v. *Lohmiller* (1896), 74 Fed. 23, 20 C. C. A. 274; *Crafts* v. *Dexter* (1845), 8 Ala. 767, 42 Am. Dec. 666, note at p. 669; *Dunklin* v. *Wilson* (1879), 64 Ala. 162; *Rice* v. *Tobias* (1887), 83 Ala. 348, 3 South. 670.   See, also, *Rice* v. *Tobias* (1889), 89 Ala. 214, 7 South. 765; *Raisen Fertilizer Co.* v. *McKenna* (1896), 114 Ala. 274, 21 South. 816; *Gifford* v. *Morrison* (1882), 37 Ohio St. 502, 41 Am. Rep. 537; *Sharp* v.

*Schmidt* (1884), 62 Tex. 263; *Gregory* v. *Ford* (1859), 14 Cal. 138, 73 Am. Dec. 639; note to *Texas, etc., R. Co.* v. *Wright* (1895), 31 L. R. A. 200, 207 *et seq.; Burch* v. *West* (1890), 134 Ill. 258, 25 N. E. 658; *Pigott* v. *Addicks* (1852), 3 G. Greene (Iowa) 427, 56 Am. Dec. 547; *Crawford* v. *White* (1864), 17 Iowa 560; *Coon* v. *Jones* (1859), 10 Iowa 131; *Fowler* v. *Lee* (1839), 10 Gill & J. 358, 32 Am. Dec. 172; *Harris* v. *Gwin* (1848), 10 Smed. & M. 563; *Wilson* v. *Shipman* (1892), 34 Neb. 573, 52 N. W. 576, 33 Am. St. 660, 662; *Janes* v. *Howell* (1893), 37 Neb. 320, 55 N. W. 965, 40 Am. St. 494; *Pilger* v. *Torrence* (1894), 42 Neb. 903, 61 N. W. 99; *Winters* v. *Means* (1888), 25 Neb. 241, 41 N. W. 157, 13 Am. St. 489; *Spooner* v. *Leland* (1858), 5 R. I. 348; *Crocker* v. *Allen* (1890), 34 S. C. 452, 13 S. E. 650, 27 Am. St. 831; *Stokes* v. *Knarr* (1860), 11 Wis. 407; *John V. Farwell Co.* v. *Hilbert* (1895), 91 Wis. 437, 65 N. W. 172, 30 L. R. A. 235; *Ford* v. *Hill* (1896), 92 Wis. 188, 66 N. W. 115, 53 Am. St. 902, and cases cited; *Jones* v. *Cullen* (1895), 142 Ind. 335, 348, 349, and cases cited.

In *Williams* v. *Hitzie, supra,* this court said at page 308: "Freeman, after stating that it has been held that where judgment has been rendered against a party without service of process and without his knowledge, he may be relieved without showing merits, adds: 'But the better established rule, undoubtedly, is, that notwithstanding an alleged want of service of process, a court of equity will not interfere to set aside a judgment until it appears that the "result will be other or different from that already reached." ' * * * *Stokes* v. *Knarr* [1860], 11 Wis. 407. In the last case cited the court says: 'We do not deem it necessary to decide whether the justice of the peace lost jurisdiction of the case. * * * It may be conceded for the purpose of this case that he did, and we still think it does not follow that a court of equity will interfere to enjoin the judgment. Those courts do not interfere merely for

a defect of jurisdiction in the court where the judgment is rendered. 2 Story, Eq. Jurisp., §898. On the contrary, they interfere only to prevent injustice. And if a party can say nothing against the justice of a judgment, can give no reason why in equity he ought not to pay it, a court of equity will not interfere, but will leave him to contend against it at law, in the best way he can.' "

In *Woods* v. *Brown* (1884), 93 Ind. 164, this court, at page 168, said: "It has already been observed that the complaint fails to disclose that Pierson has, or ever had, any valid or meritorious defense to the causes of action on which the judgments were predicated. Nor does the complaint show that anything has occurred since their rendition calling for equitable relief. In such case, the better opinion seems to be that a court of equity will not interfere, either to stay proceedings, or to set aside a judgment, on the ground of want of jurisdiction of the person of the judgment defendant. In *Williams* v. *Hitzie* [1882], 83 Ind. 303, it was held that the collection of a judgment rendered before a justice of the peace would not be enjoined for want of jurisdiction, where there was no claim of payment of the judgment or denial of the cause of action upon which it was rendered."

There are some exceptions to this rule in this State, but appellants have not by allegation and proof brought themselves within any of them.

Judgment affirmed.