GARRISON *v.* MILLER ET AL.

[No. 9,021.  Filed March 31, 1916.  Rehearing denied June 23, 1916.]

JUDGMENT. — *Opening Default.* — *Showing Meritorious Defense.*— *Statutes.*—Under §627 Burns 1914, §600 R. S. 1881, providing that a party against whom a judgment has been rendered without other notice than a newspaper publication, may have the same opened within five years and be allowed to defend, and under §628 Burns 1914, §601 R. S. 1881, providing that before any judgment shall be opened notice should be given the original complainant of the intention to make application therefor, and that a full answer should be filed to the original complaint, a party is not entitled to have a judgment opened where the records show that he has failed to file an answer as required by the statute.

From Marion Superior Court (92306); *Edward F. Quigley*, Judge *Pro tem.*

Action by Forest L. Garrison against Winifred Miller and another to have a judgment opened. From an adverse judgment, the plaintiff appeals. *Affirmed.*

*William A. Reading, H. G. Hargrove* and *W. F. Elliott*, for appellant.

*Howe Stone Landers* and *Joseph W. Hutchinson*, for appellees.

FELT, P. J.—This is a proceeding by appellant on a verified amended motion to open up a decree and

permit a defense to be made.  Each of the appellees separately demurred to the motion on the ground that the facts averred were insufficient to entitle appellant to have the decree opened up as prayed. The court sustained each of the demurrers and appellant duly excepted and, refusing to plead further, judgment was rendered that he take nothing by his motion and that he pay costs.  From this judgment an appeal was taken, and the several rulings of the court on the separate demurrers are assigned as error.

Omitting formal allegations, the substance of the amended motion is that appellant is informed that in 1910 he was made defendant to a certain suit brought by appellees in the Marion Superior Court; that notice was issued by publication; that he was at the time a nonresident of the State of Indiana, and continued to be until after the decree was rendered against him; that he had no actual notice or knowledge of the suit until long after the decree was rendered; that said decree foreclosed a lien against real estate owned by him for $78.12, and thereafter appellees obtained a sheriff's deed for the property which is described; that since the foreclosure of said lien appellant has expended $369.98 in the payment of taxes and assessments against said property; that the real estate is worth $1,000; that as soon as he learned that appellees claimed title to said property, and within five years from the rendition of the decree foreclosing said lien, he filed this motion.

Sections 627 and 628 Burns 1914, §600, 601 R. S. 1881, are as follows:  Section 627: "Parties against whom a judgment has been rendered without other notice than the publication in the newspaper herein required, except in cases of divorce, may, at any time within five years . after the rendition of the

judgment,: have the same opened, and be allowed to defend.

Section 628: Before any judgment shall be opened, such party shall give notice to the original complainant, or his heirs, devisees, executors, or administrators, of his intention to make application to have the judgment opened as the court, in term, or the judge thereof, in vacation, shall require; and shall file a full answer to the original complaint, and an affidavit stating that, during the pendency of the action, he received no actual notice thereof in time to appear in court and object to the judgment; and shall also pay all such costs of the action as the court shall direct."

The two sections are to be construed together, and when so considered they show that a person to come within the provisions must "file a full answer to the original complaint." As a matter of practice, the moving party should tender with his verified motion the answer he wishes to file, to the end that the court may be advised that he has a defense to the action, and for the further purpose of avoiding delay in disposing of the case if the judgment is opened up and the moving party permitted to defend the original action. In the case at bar no answer was either tendered or filed, and there is nothing in the record to show that appellant had or has any defense to the original suit. ·In the absence of such showing the court did not err in sustaining the demurrers. As supporting the principle involved see: *Meyer* v. *Wilson* (1906), 166 **Ind.** 651, 656, 76 N. E. 748; *Woods* v. *Brown* (1884), 93 Ind. 164, 168, 47 Am. Rep. 369; *Bryant* v. *Richardson* (1890), 126 Ind. 145, 148, 25 N. E. 807; *Williams* v. *Hitzie* (1882), 83 Ind. 303, 308; *Brandt* v. *Little* (1907), 47 Wash. 194, 91 Pac. 765; 14 L. R. A. (N. S.) 213, and notes. To obtain the relief prayed for, it was essential that appellant bring his case within

the statute. "Where there is no showing of a meritorious defense, a court of equity will not grant relief, even where the judgment is void on its face." *Schilling* v. *Quinn* (1912), 178 Ind. 443, 447, 99 N. E. 740; *Meyer* v. *Wilson, supra,* p. 658.

The statute is too plain to leave doubt as to the legislative intent. Some confusion has arisen by failure to distinguish cases like the one at bar, and those arising under §405 Burns 1914, §396 R. S. 1881, from direct proceedings to annul or set aside judgments that are absolutely void for fraud in their procurement, or for want of jurisdiction of the subject-matter, or for failure to obtain jurisdiction over the person of the defendant in any way recognized by law. In cases of the latter class there are decisions holding that it is not a question of excusable neglect or meritorious defense, but one of power and authority to render the judgment; that such judgments only have form, without substance or validity of any kind, and are therefore void; that to annul or set aside such a judgment it is not neccessary to show a meritorious defense, for the party either has never been legally before the court or the court was without jurisdiction of the subject-matter, or of either the person or subject-matter. The question is not directly involved here, but in view of the discussion of the question decided, we deem it helpful to make the foregoing observations. See, also, *Dobbins* v. *McNamara* (1888), 113 Ind. 54, 57, 14 N. E. 887, 3 Am. St. 626; *Willman* v *Willman* (1877), 57 Ind. 500, 503; *Wiley* v. *Pratt* (1864), 23 Ind. 628, 636; *Cavanaugh* v. *Smith* (1882), 84 Ind. 380, 383; *Earle* v. *Earle* (1883), 91 Ind. 27, 35; *Stubbs* v. *McGillis* (1908), 44 Colo. 138, 96 Pac. 1005, 18 L. R. A. (N. S.) 405 and notes, 130 Am. St. 116.

Judgment affirmed.

Note.—Reported in 112 N. E. 22. Opening and vacating judgments, 52 Am. St. 795; 23 Cyc. 962.