[L. A. No. 4759. In Bank.—January 26, 1920.]

ANNA M. HAWLEY et al., Appellants, v. STATE ASSUR-
ANCE COMPANY, etc., Respondent.

[1] ACTION TO SET ASIDE DECREE OF FORECLOSURE—APPEAL FROM JUDGMENT—INSUFFICIENT RECORD.—On appeal from a judgment in an action to set aside a decree in a previous action for the foreclosure of a mortgage upon the ground that the owner of the mortgaged premises was never served with summons in the foreclosure proceeding and that the appearance entered in her behalf was unauthorized, where no portion of the pleadings or findings in the foreclosure case or in the case at bar is printed in appellants' brief, the record being brought up under section 953a et seq. of the Code of Civil Procedure, appellants have failed to print sufficient of the record to establish any error on the part of the trial court.

[2] MORTGAGE—FORECLOSURE—PARTIES—GRANT BY MORTGAGOR—SCOPE OF DECREE.—A decree in an action for the foreclosure of a mortgage is binding upon the mortgagor, although not served with process, where prior to the commencement of the action the mortgagor had conveyed the property by grant deed, which according to the records showed no reservation of any interest in the premises, and the grantee appeared and defended the action.

[3] ACTION TO SET ASIDE FORECLOSURE DECREE—MERITORIOUS DE-
FENSE TO MORTGAGE.—In an action by a mortgagor to set aside
a decree of foreclosure upon the ground that she was not served
with summons and that the appearance on her behalf was unau-
thorized, she must show that she has a meritorious defense to
the encumbrance.

APPEAL from a judgment of the Superior Court of Los
Angeles County. Pat R. Parker, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Hamilton A. Bauer for Appellants.

Lloyd W. Moultrie for Respondent.

WILBUR, J.—The record in this case is made up under
section 953a et seq. of the Code of Civil Procedure. The
appellants do not print in their brief the pleadings, findings,
or judgment, nor any portion thereof; nor is there more
than a fragmentary statement of some of the evidence.
From the statement in appellants' brief it appears that the
action is to set aside a decree in a previous action for the
foreclosure of a mortgage, upon the ground that appellant
Anna M. Hawley, the owner of the property mortgaged,
was never served with summons in the foreclosure proceed-
ing, and that the appearance entered in her behalf was un-
authorized. No portion of the pleadings or findings in the
foreclosure case is printed in appellants' brief. [1] Under
these circumstances appellants have failed to print sufficient
of the record to establish any error on the part of the trial
court. Notwithstanding this, we have examined the type-
written transcript sufficiently to determine that there is no
merit in the appeal.

Appellants allege that Anna M. Hawley is the owner of
the property in question "subject only to a certain mortgage
made by Horace Cline and Mildred L. Cline and a *deed of
trust* executed to Libbie H. Bathrick." The findings are
that previous to the bringing of the foreclosure proceedings
Mrs. Hawley had conveyed the property by *grant deed,* on
June 6, 1907, to Libbie H. Bathrick, which deed was on that
date duly recorded, and that appellant Anna M. Hawley did
not thereafter own the property. Proceeding was instituted by
respondent to foreclose the above-mentioned mortgage of the

Clines, appellants' grantors, and also to foreclose a deed of trust, executed by Mrs. Bathrick after the conveyance to her, to secure an obligation of appellant C. O. Hawley. In that action, the record owner, Mrs. Bathrick, appeared and defended, and judgment was rendered against her. [2] This decree was sufficient to foreclose any interest of the appellant Mrs. Hawley, reserved by her when she conveyed the property to Mrs. Bathrick, not shown by the record. (Code Civ. Proc., sec. 726.) [3] Furthermore, the appellants do not show that they have any meritorious defense to the encumbrances foreclosed. (*Gregory* v. *Ford,* 14 Cal. 138, [73 Am. Dec. 639]; *Gibbons* v. *Scott,* 15 Cal. 284; *Matson* v. *Batto & Sons,* 173 Cal. 800, [161 Pac. 1144], and cases cited; *Lee* v. *Colquhoun,* 175 Cal. 16, [164 Pac. 894]; 2 Freeman on Judgments, 4th ed., secs. 495, 498; Black on Judgments 2d ed., secs. 376, 377; High on Injunctions, 4th ed., secs. 126, 229a; *Janes* v. *Howell,* 37 Neb. 320, [40 Am. St. Rep. 494, 55 N. W. 965]; *Thomas* v. *West,* 59 Wis. 103, [17 N. W. 684]; *McDonald* v. *Cawhorn,* 152 Ala. 357, [44 South. 395]; *Hockaday* v. *Jones,* 8 Okl. 156, [56 Pac. 1054]; *Jeffery* v. *Fitch,* 46 Conn. 601; *Wilson* v. *Shipman,* 34 Neb. 573, [33 Am. St. Rep. 660, 52 N. W. 576]; *Meyer* v. *Wilson,* 166 Ind. 651, [76 N. E. 748], and cases cited; *Coon* v. *Jones,* 10 Iowa, 131; *Newman* v. *Taylor,* 69 Miss. 670, [13 South. 831]; *Masterson* v. *Ashcom,* 54 Tex. 324.)

Judgment affirmed.

Shaw, J., Lennon, J., Lawlor, J., Olney, J., and Angellotti, C. J., concurred.

Rehearing denied.

All the Justices concurred.