Thomas, &c., v. Ireland, &c.

---

CASE 90—PETITION EQUITY—MAY 16.

# Thomas, &c., v. Ireland, &c.

APPEAL FROM HANCOCK CIRCUIT COURT.

1. FALSE RETURN ON SUMMONS.—Where a summons has been returned by the sheriff as executed upon a defendant, when in fact it was not, and a judgment rendered thereon, the return is conclusive as between the plaintiff and defendant, provided the plaintiff acted in good faith. And this is true, although the false return was procured by one of the defendants, and that defendant the husband of the defendant who has been wronged. The remedy of the injured party is against the wrongdoers to recover damages.

2. SAME.—A sheriff's return can not be impeached in a proceeding to set aside a judgment authorized by such return. As the sheriff is the wrongdoer, and not a party to the judgment, such a proceeding is collateral, and a sheriff's return can not be impeached in a collateral proceeding.

G. W. WILLIAMS & SON AND W. S. ROBERTS FOR APPELLANTS.

The rule that a judgment can not be collaterally questioned does not apply where the sheriff falsely returns the summons as served, when in fact

there was no service of summons, and no knowledge of the pendency of the action.

W. W. IRELAND AND MILLER & MORRISON FOR APPELLEES.

The return of an officer, acting within the scope of his authority, can not be collaterally questioned. It can only be questioned by direct proceedings against the officer for that purpose. (The Sergeant of Court of Appeals v. George, 5 Litt., 199; Smith v. Hornback, &c., 3 A. K. M., 392; Trimble v. Fram, 3 Mon., 52; Trigg v. Lewis, 3 Lit., 129; Goodall v. Stewart, 2 Hen. & Mun., 105; Carr v. Hodgen, 1 Lit., 16; Gray v. Gray, 3 Lit., 465; Ellis v. Browning, 4 Lit., 245; McConnell v. Dowdry's Heirs, 4 Mon., 392.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

In 1880, upon the petition of J. B. Ireland and cross-petition of Joel Marshal, against the appellants, the Hancock Circuit Court rendered judgment enforcing mortgage liens upon a tract of land belonging to the appellant, Mrs. Thomas, which was executed by her, and appellant, J. C. Thomas, to the appellees, J. B. Ireland and Joel Marshal. The return of the sheriff of Hancock county showed that summons was served upon both of the appellants in each case. The judgment was rendered by default, and the land was sold to satisfy the judgment, and purchased by Joel Marshal.

In 1885 the appellants instituted this action in equity against the appellee, J. B. Ireland, and the representatives of Joel Marshal, he having died, to set aside said judgment, upon the ground that summons was not served upon the appellant, Mrs. Thomas, to answer either the petition or cross-petition; that the return of the sheriff showing that the summons on both petitions had been executed on her, which was false, was brought about by the appellant, J. C. Thomas, who induced the sheriff not to serve the summons upon Mrs. Thomas, but to endorse

the same executed upon her, in order to conceal from her the fact that her land was in danger of being sold to satisfy the mortgage debts, which were his and not hers, which conduct, it is alleged, was a fraud upon her.   It is not alleged that the appellee, J. B. Ireland, and Joel Marshal, or either of them, were participants in this wrongdoing, or had any knowledge of it whatever

It is well settled by this court that where the plaintiff acts in good faith in obtaining a judgment upon the return of the sheriff, endorsed upon the summons, that it was executed on the defendant, though in fact it was not, the return is conclusive as between the plaintiff and defendant.   The stability of judgments requires this rule; otherwise judgments settling the rights of parties and giving remedies for the enforcement of these rights could never be regarded as permanent, but would be liable to be set aside, and the rights settled thereby be reopened, when the facts, not only appertaining to the service of the summons, but the merits of the controversy, had been forgotten or rendered unavailing by reason of the death of the parties or witnesses.

Of course, if the plaintiff induces the sheriff to make a return that he had served the summons, when he had not, whereby the plaintiff is enabled to obtain judgment against the defendant, the Chancellor would not hesitate to set the judgment aside, upon the ground that it was fraudulently obtained.   Also, if he knew the sheriff had made a false return and took judgment against the defendant, notwithstanding, he would be regarded as an aider and abettor of the fraud, and the Chancellor would set the judgment aside.   But, as long as the plaintiff is

an innocent party, no false return of the sheriff, though procured by one of the defendants, and that defendant the husband of the wronged defendant, will justify setting aside the judgment as against the plaintiff. His protection lies in the fact that he is an innocent party.

When the plaintiff is an innocent party the sheriff and his coadjutor, if he has one, are the wrong-doers, and the wronged party may have an action against them, or either, for damages commensurate to the injury he has sustained growing out of the wrongful act.

Also, as the sheriff is the wrong-doer and not a party to the judgment, the proceeding to impeach his return is collateral; and it is well settled that his return can not be impeached in a collateral proceeding for the purpose of setting aside or of getting rid of a judgment authorized by such a return. (Taylor v. Lewis, 2 J. J. M., 400; Smith v. Hornback, 3 A. K. Mar., 392; Sergeant, &c., v. George, 5 Litt., 199.)

The judgment is affirmed.