CASE 24—PETITION EQUITY—JANUARY 24.

# Bramlett, &c., v. McVey.

APPEAL FROM GRANT CIRCUIT COURT.

1. FALSE RETURN ON SUMMONS.—Where a summons has been returned by an officer as executed upon a defendant, when, in fact, it was not, and a default judgment rendered thereon, the officer's return may be called in question, and the collection of the judgment enjoined, upon an allegation that the false return was made by mistake of the officer, who supposed he had executed it, when, in fact, he had not. But, independent of mistake, where a judgment in favor of the Commonwealth for a fine has been rendered, which requires imprisonment in default of its satisfaction, the defendant should not be required to look alone to the official bond of the officer for redress, but may proceed directly to call in question the return of the officer, and to contest the validity of the judgment by showing the fact that it was rendered without notice to him of the charge upon which it was based.

2. ESTOPPEL TO DENY VALIDITY OF JUDGMENT.—The execution of a replevin bond in such a case does not estop a defendant to deny the validity of the judgment.

3. PARTIES TO ACTIONS.—An action to enjoin the collection of a replevin bond executed in satisfaction of a judgment rendered in favor of the Commonwealth for a fine, was properly brought against the county attorney, Commonwealth's attorney, circuit court clerk and sheriff.

Bramlett, &c., v. McVey.

De JARNETTE & DICKERSON for appellants.

1. A judgment of conviction against one who has had no opportunity to be heard is void. (Constitution of Kentucky, art. 13, sec. 12.)
2. The principle established in civil cases, that where the plaintiff acts in good faith, and the return of the officer, though false, shows the execution of the process, it can not be impeached to the prejudice of the plaintiff, who is an innocent party to the fraud, has no application in criminal prosecutions. (Taylor v. Lewis, 2 J. J. Mar., 400; Serg't Ct. of Appeals v. George, 5 Litt., 199; McGinty's Adm'r v. Huggin, 2 Bibb, 268.)
3. The fact that appellants replevied the judgment does not estop them to deny its validity.

R. W. MASTERSON for appellee.

1. Appellant having replevied the *capias pro fine* with full knowledge of the facts, is estopped to assail the judgment.
2. There was no mistake upon the part of the officer within the meaning of section 17 of chapter 81, General Statutes. (1 Story's Eq. Jur.; Western G. S. Bank v. T. & D. Bank, 10 Bush, 674.)
3. This action may be regarded as in the nature of a proceeding for a new trial, and should be sustained by affidavits. (Civil Code, sec. 340, subsec. 3, and sec. 343.)

M. D. GRAY on same side.

1. There is no sufficient plea of mistake upon the part of the officer. (Gen. Stats., chap. 81, sec. 17.)
2. The plaintiff can not call in question in this proceeding the verity of the officer's return. (Taylor v. Lewis, 2 J. J. Mar., 400; Smith v. Hornback, 3 Mar., 393; Shoffet v. Menifee, 4 Dana, 150; Pribble v. Hall, 13 Bush, 66; Ritter v. Bell, 8 Ky. Law Rep., 687.)
3. The plaintiff can not sue the State without an act of the Legislature authorizing him to do so. Nor can he, in effect, sue the State by suing its officers. (Devine v. Harvey, 7 Mon., 441; Tate, State Treas., v. Salmon, 79 Ky., 540.)

JUDGE LEWIS delivered the opinion of the court.

Appellants, John W. Bramlett and G. W. Bramlett, state in their petition they were indicted in the Grant Circuit Court, charged with the offense of trespass in taking and carrying away a horse in possession and property of I. Marksbury, and upon indictment a summons was issued, directed to the sheriff of Nicholas

county, who indorsed thereon he had executed it upon both defendants, when, in fact, he never did, in any manner, execute it upon John W. Bramlett; that at a subsequent term of that court, though neither of them was present at the time, a trial of the charge took place, and, without any evidence being heard to sustain it, there was a verdict of the jury, followed by judgment of court against both of them, for a fine of five hundred dollars; that to satisfy that judgment an execution of *capias pro fine* was issued against appellant, John W. Bramlett, directed to the sheriff of Nicholas county, who was about to seize his body, and would have done so if he had not executed a replevin bond for amount of the judgment, which was done, G. W. Bramlett being his surety; that afterwards an execution was issued on the replevin bond, and, to restrain collection of it, an injunction was prayed for. It was further stated in the petition that he, John W. Bramlett, was not guilty of the offense for which he was indicted, and would, if an opportunity had been afforded, have so pleaded, and is now ready to do so.

In an amended petition, tendered after a general demurrer had been sustained to the original, they state that the return on the summons mentioned is untrue, and was made by mistake of the sheriff, who supposed he had executed it on appellant, John W. Bramlett, when, in fact, he had not executed it on nor seen him.

The question of law presented on the appeal is, whether the facts stated in the petition and amended petition, taken as true, are sufficient to authorize the

relief prayed for, which is to perpetually enjoin collection of the replevin bond.

The parties made defendants to the action by name are the clerk of Grant Circuit Court, the county attorney of that county, the Commonwealth's attorney for the district in which that county is situated, and the sheriff of Nicholas county; and it is contended in argument the action can not be maintained against them, because the judgment upon which the original execution issued is not in favor of them.

Section 23, Civil Code, provides that "any person may be made a defendant who claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination of the question involved in an action."

If some one or all of the parties named could not be made defendants to an action like this, the plaintiff, however just his cause of complaint, would be without remedy, for the Commonwealth can not be sued. But both the attorneys have an interest in the fine adjudged against appellants, and to prevent the enforcement of it the clerk who issues the execution, and sheriff into whose hands it goes, must necessarily be made defendants.

Public policy requires, and it is held by courts, that where an officer has authority to act, he will be presumed to have acted correctly, and to maintain this action it will be necessary, on trial of the issue of fact, for appellants to prove what, on demurrer, is to be assumed to be true, that the sheriff did not execute the summons on appellant, John W. Bramlett. But the conditions upon which the

correctness and verity of an official indorsement or certificate may be called in question are prescribed in section 17, chapter 81, General Statutes, as follows: "Unless, in a direct proceeding against himself or his sureties, no fact officially stated by an officer in respect of a matter about which he is by law required to make a statement in writing, either in the form of a certificate, return or otherwise, shall be called in question, except upon the allegation of fraud in the party benefited thereby, or mistake on the part of the officer."

No trial of a charge of felony can take place without presence of the accused, because the Constitution forbids it. But though a fine for misdemeanor may be imposed, just as a judgment for money may be rendered, without the defendant being present, yet it is indispensable to validity of both that the person against whom the charge is made or recovery is sought have notice of the proceeding against him, so he may deny and call for proof of the charge or of legality of claim against him; and it is so plain as to be generally held that a judgment rendered without such notice is, and ought to be, treated as absolutely void; and it is equally plain that the defendant in all cases should have the right to show that a judgment against him, whether rendered under an indictment or in a civil action, was, in fact, if it be so, rendered without legal notice; and, therefore, while, for obvious reasons, official return of a summons duly executed is presumed to be correct, and consequently sufficient to authorize a trial and judgment by the court, it would be equally against public policy, be-

cause unjust and oppressive, to deny the right of a defendant against whom a judgment has been rendered to show that the officer did not, in the mode required by law, actually summon him, and hence the statute authorizes it to be done where either the party benefited by the judgment has fraudulently procured return of service, or the officer has made it by mistake.

It is true this court has held in Taylor v. Lewis, 2 J. J. M., 400, and Shoffet v. Menifee, 4 Dana, 150, that it was incompetent for a party to aver and prove the falsity of a return made by a proper officer in a collateral mode without a direct proceeding against the officer himself. But the statute we have quoted was evidently intended, and does, in terms, authorize an officer's return to be put in question where the conditions therein mentioned exist. Besides, where a judgment in favor of the Commonwealth for a fine has been rendered, which requires imprisonment in default of its satisfaction, the defendant should not be required to look alone to the official bond of the officer for redress, even if that was always feasible and certain, but in defense of his liberty may proceed directly to contest the validity of such judgment by showing the all-sufficient fact it was rendered without notice to him of the charge upon which it was based.

The execution of a replevin bond does not estop a defendant in such case to deny the validity of the judgment for two reasons: First, the alternative in such case is presented either to execute the replevin bond or else surrender his body to the officer, in case he has not sufficient means to satisfy the judgment;

second, if the judgment was rendered without service of summons on him to answer the indictment, it was absolutely void, and, being so, all proceedings under it, including the replevin bond, are null and unenforceable.

We think appellants stated in their petition and amended petition facts sufficient to constitute a cause of action, and the judgment is reversed for further proceedings consistent with this opinion.