## Commonwealth v. Salyer.

(Decided January 25, 1912.)

### Appeal from Magoffin Circuit Court.

1. Sheriff—Return—Attack—Petition—Necessity for Allegation of Fraud or Mistake—Kentucky Statutes, Section 3760.—In an action by the surety in a bail bond to set aside a judgment of forfeiture and to enjoin the sheriff from enforcing the execution, on the ground that no summons was served on the surety, the sheriff's return on the summons showing that it was executed, can not under section 3760, Kentucky Statutes, be impeached

except on an allegation of fraud on the part of the party bene-
fitted thereby, or mistake on the part of the officer, and where
the petition contains no such allegation, it is not sufficient to
support the judgment.

2.   Same—Parties.—In such an action,   the   Commonwealth's at-
torney, the county attorney, the clerk, and trustee of the jury
fund, in addition to the sheriff, are proper parties, as they have
an interest in the fund collected.

W. H. MAY, M. M. LOGAN and JAMES GARNETT for Common-
wealth.

ARNETT & HOWARD for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COM-
MISSIONER—Reversing.

At the October term, 1906, of the Magoffin Circuit
Court, the grand jury of that county indicted one Elliott
Salyer, a son of appellee, for the crime of forgery.
Bench warrants were issued from time to time and re-
turned not found. On January 10, 1910, an alias bench
warrant was issued and placed in the hands of the
sheriff who arrested the defendant on January 25, 1910.
On that day a bail bond in the sum of $500 was exe-
cuted, purporting to have been signed by defendant and
appellee. Upon the bench warrant is the following re-
turn:

"Executed in full on the within named by arresting
him and taking bond this January 25, 1910.

"ROBERT REED, S. M. C.

By J. D. CONLEY, D. S."

The bail bond and the return on the warrant bear
the same date. The defendant appeared at the next
term of the court, which was held in February. The
case was then continued until the regular June term,
which began on the first Monday in that month. The
defendant failed to appear at that term, and a forfeiture
was taken. A summons was ordered to issue against
appellee, the surety on the bond. Summons was issued
by the clerk on August 2, 1910, commanding appellee to
answer at the next October term of the court and show
cause why judgment should not be rendered against him
on account of the forfeiture of the bond. The sheriff's
return shows that the summons was executed on appellee
August 4, 1910. Appellee failed to answer upon the
calling of the case, and judgment was rendered against
him for the amount of the bond and costs. Execution

was issued and levied by the sheriff on a tract of land belonging to appellee, and returned on January 23, 1911, for a writ venditioni exponas.

On February 16, 1911, appellee brought this action against the Commonwealth and Robert Reed, sheriff of Magoffin county, and alleged in his petition that two judgments had been rendered against him in favor of the Commonwealth of Kentucky, one for $500 and the other for $100, and each for a forfeited bail bond to answer for the appearance of Elliott Salyer, the former being for a felony and the latter for a misdemeanor. He further alleged that each of said judgments was void, because he did not sign or authorize anybody else to sign the bonds of either of them, and because said judgments were rendered without any process or summons having been executed on him. He then asked that the sheriff be restrained from selling his land, and that the judgments be set aside and held for naught. The record does not show that any process was served on the sheriff but the Commonwealth without entering its appearance, filed a special demurrer to the jurisdiction of the court. On motion of appellee he was given leave to serve notice to take depositions on the County Attorney. Notice was prepared, and appellee's deposition taken pursuant thereto, but there is no return on the notice showing that it was served. Appellee's deposition sustains the allegations of his petition to the effect that he didn't sign either of the bail bonds or authorize any one else to sign them for him, and that judgment was rendered against him on each of the bonds without any summons having been served on him. He also stated that he didn't know anything of the bonds or judgments, until he was informed by the sheriff that he had an execution against him. Upon this evidence alone, the case was submitted. The special demurrer does not seem to have been passed upon, but the court rendered judgment in favor of appellee. From that judgment this appeal is prosecuted.

Section 3760, Kentucky Statutes, provides as follows:

"Unless in a direct proceeding against himself or his sureties no fact officially stated by an officer in respect of a matter about which he is required by law to make a statement in writing, either in the form of a certificate, return or otherwise, shall be called in ques-

tion, except on the allegation of fraud in the party benefited thereby, or mistake on the part of the officer."

The sheriff not being a party to the judgment, this proceeding is not direct, but collateral (Thomas v. Ireland, 88 Ky., 581.) By the express terms of the statute therefore, an allegation of fraud or mistake is necessary. This question was before the court in the case of Bramlett, etc., v. McVey, 91 Ky., 151. There John W. Bramlett and G. W. Bramlett had been indicted and fined for trespass. A replevin bond was executed. They then brought action to restrain the collection of the replevin bond on the ground that they were not notified of, and were not present at the trial, and that the sheriff's return on the summons was untrue. By amended petition, they alleged that the return was made by the sheriff by mistake, who supposed that he had executed the summons on John W. Bramlett, when as a matter of fact he had not seen Bramlett or executed the summons on him. The court held that as the Commonwealth could not be sued, the action could be properly brought against the Commonwealth's Attorney, the County Attorney and all others having an interest in the fine, including the clerk who issues the execution and the sheriff who levies it. The court also held that the conditions upon which the correctness and the verity of an official endorsement or certificate may be called in question, are stated in section 17, chapter 81, General Statutes, which is the same as section 3760, Kentucky Statutes, above quoted. As the appellee's petition contains no allegation of fraud or mistake, it follows that it is not sufficient to support the judgment, and it is immaterial that this question was not raised in the court below.

Upon the return of the case, appellee will be permitted to amend his petition so as to conform to this opinion. He may in addition allege any of the grounds mentioned in section 518, Civil Code. He will also make the Commonwealth's Attorney, the county attorney, the trustee of the jury fund, and the clerk parties to the action, as they are all parties in interest.

Judgment reversed and cause remanded for a new trial consistent with this opinion.