## Adams Express Company v. Bradley, Sheriff, et al.

(Decided February 8, 1918.)

On Motion of the Defendant to Dissolve Injunction.

1. Judgment—Jurisdiction.—If the court rendering a judgment has jurisdiction by law of the subject matter of the action and by proper process of the person of the defendant, the judgment, however erroneous, will not be void:

2. Judgment—Void Judgment—Injunction.—A void judgment may be attacked or its enforcement prevented by injunction, even though the injunction be granted by a court other than the one in which the judgment was rendered. On the other hand, a judgment that is not void, but only erroneous, cannot be attacked collaterally or its enforcement prevented by injunction.

3. Judgment—Judgment in Criminal Proceeding—Collateral Attack.— A judgment in a criminal proceeding is immune from collateral attack to the same extent as other judgments. When the trial court has jurisdiction by law of the offense charged in an indictment or warrant, and of the party who is so charged, its judgment disposing of the case will be valid and can not be questioned for error or mistake in a collateral proceeding. It is a well settled rule that an error of law does not furnish ground for collateral attack on a judgment. If a court is confronted with a question it has a right to decide, its erroneous judgment will not be subject to collateral attack, whether the mistake concerned or grew out of misapplication of the common, statutory or constitutional law.

LAWRENCE MAXWELL and ROBERT R. FRIEND for plaintiff.

KELLY KASH for defendants.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE— Sustaining motion to dissolve injunction.

The plaintiff, Adams Express Company, was tried and convicted in the police court of the city of Irvine under each of sixteen warrants from that court charging it with the offense of "furnishing by delivery" at Irvine on the day of the August primary election sixteen packages of spirituous liquors to as many consignees, and its punishment fixed at a fine of $25.00 in each case. From the judgment rendered against it in each of these cases the express company took an appeal to the Estill circuit court. In that court, by agreement of the parties, a jury was waived and the sixteen cases submitted together and tried by the court upon an agreed statement of facts; the trial resulting in the conviction of the

express company and the imposition of a fine of $50.00 against it in each of the sixteen cases. In the endeavor to give the express company the right of appeal the circuit court, at its instance, rendered a judgment against it for $800.00, the aggregate amount of the sixteen fines. But when the appeal prosecuted by the express company from that judgment reached the Court of Appeals it was dismissed (Adams Express Company v. Commonwealth, 175 Ky. 825); the court holding that as the judgment showed the infliction of a fine of $50.00 against the company in each of the sixteen cases, and an appeal would not lie to the Court of Appeals from a judgment for a fine inflicted for a misdemeanor unless such fine exceeds $50.00, the agreement of the parties that the judgment be rendered for the aggregate of the sixteen fines, could not confer upon the Court of Appeals jurisdiction of the appeal.

After the dismissal of the appeal an execution was issued on the judgment of the circuit court for the aggregate amount of the fines and costs against the express company directed to the defendant, T. C. Bradley, as sheriff of Fayette county, and upon his attempting to collect the execution the express company brought this action against him in the Fayette circuit court, seeking an injunction to prevent the collection of the execution by him. The injunction asked was granted by the court, and the case is now before me, a judge of the Court of Appeals, on the defendant's motion to dissolve the injunction. Judges Miller, Carroll, Hurt, Thomas, Clarke and Sampson acted with me in considering the motion and all concur in the conclusion expressed in the opinion. The warrants against the express company were issued, as claimed, under section 1575, Kentucky Statutes, which imposes a penalty on any person who "sells, loans, gives or furnishes to any person or persons, either directly or indirectly, spirituous, etc., liquors, . . . upon the day of any general or primary election, etc." The liquors delivered in these cases were purchased by the consignees from licensed dealers in such liquors located in wet counties of Kentucky. It is the contention of the express company:

(1). That section 1575, Kentucky Statutes, does not contain any direct reference to a common carrier, nor does it in terms forbid the transportation or delivery of liquor by such carriers; that the selling, lending or fur-

nishing of the liquors in these cases was done by the shippers at Catlettsburg or other points in Kentucky; that the title passed to the consignee upon delivery to the carrier at the point of shipment, and that section 1575 has no application to the deliveries of liquor made by the express company in these cases.

(2). It is further contended by the express company that the judgment of the Estill circuit court rendered on the appeals from the judgments in the several cases in which it was fined by the Irvine police court, was and is void.. Hence, it is subject to collateral attack and, therefore, the order or judgment of the Fayette circuit court enjoining the collection of the execution issued thereon directed to the sheriff of Fayette county was authorized. If the judgment of the Estill circuit court is not void and we should so hold, it will be unnecessary to pass upon the first contention urged by the express company. It is a well recognized rule in this jurisdiction that a judgment which is not void cannot be collaterally attacked. If void, however, it may be collaterally attacked and its enforcement enjoined, even by a court other than the one in which the judgment was rendered. Willis v. Tomes, &c., 141 Ky. 431; Boyd v. Board of Councilmen, 117 Ky. 199; Combs v. Sewell, 22 R. 1026; Robinson v. Carter, 123 Ky. 419; Gullett v. Blanton, etc., 157 Ky. 475. This rule applies in criminal as well as civil cases. Board of Prison Commissioners v. De Moss, 157 Ky. 289.

So the principal question to be determined on this appeal is whether the judgment of the Estill circuit court is void. A void judgment is in legal effect no judgment. By it no rights are divested. From it no rights can be obtained. Being worthless in itself all proceedings founded upon it are equally worthless. It neither binds nor bars anyone. It cannot be doubted that the Estill circuit court had jurisdiction to hear and determine the appeals carried to it by the express company from the judgments rendered against it by the Irvine police court. It had jurisdiction of the subject matter involved in those cases as well as of the corporate person of the express company, and its determination of the questions raised by the appeal was not confined to the decision of issues of law and fact and ordering judgment for one party against the other. Its jurisdiction also embraced such other relief as might properly have been granted. In Freeman on Judgments, section 116, it is said:

"If a judgment is void, it must be from one or more of the following causes: (1) Want of jurisdiction over the subject matter; (2) Want of jurisdiction over the parties to the action or some of them; or (3) Want of power to grant the relief granted in the judgment. . . . judgments of courts of general or competent jurisdiction are not considered under any circumstances as mere nullities but as records importing absolute verity and of binding efficacy, until reversed by a competent appellate tribunal. They are voidable, not void. . . But the word 'void' can with no propriety be applied to a thing which appears to be sound, and which while in existence, can command and enforce respect, and whose infirmity cannot be made manifest. If a judgment rendered, without in fact bringing the defendant to the court, cannot be attacked collaterally on this ground, unless the want of authority over them appears in the record, it is no more void than if it were founded upon a mere misconception of some matter of law or of fact occurring in the exercise of an unquestionable jurisdiction. In either case, the judgment can be avoided and made *functus officio* by some appellate proceeding instituted for that purpose, but if not so avoided must be respected and enforced." In 25 Cyc. 696, may be found this statement of the law: "It has been said that a judgment must be either valid or void as a whole, and if it is a nullity as to some of the parties affected, it cannot be held good as to others. But this principle is not universally admitted, and, as to jurisdiction of the subject matter, it seems that, although the judgment may go beyond the issues and grant relief not asked for, or not within the competence of the court, yet it may be for so much as the court had power and authority to include in it." Again in the same volume at page 1059 it is said:

"A judgment rendered against defendant in a criminal prosecution cannot be collaterally impeached or contradicted in a subsequent proceeding, where it becomes material even though it may appear to be erroneous, unless it is absolutely void."

Even if it should be conceded that section 1575, Kentucky Statutes, which defines and denounces the offense of which the express company was convicted in each of the several prosecutions against it, is not, as claimed by its counsel, applicable to a common carrier such as it is, a question not now decided, that fact would not render

the judgment in question void, but only erroneous, because resulting from a mistake of law committed by the trial court. It is a well settled rule that an error of law does not furnish ground for collateral attack on a judgment. If a court is confronted with a question it has a right to decide, its erroneous judgment will not be subject to collateral attack, whether the mistake concerned or grew out of a misapplication of the common, statutory or constitutional law. Obviously, the circuit court had jurisdiction of the subject matter of the prosecutions against the express company as well as of its corporate person, and, therefore, possessed the power to determine whether the offense denounced by the statutes, *supra,* was one that could be committed by a common carrier. So, if in passing upon the defense of the express company and holding that the statute was applicable to it, the court committeed an error, it could have had no other effect than to render the judgment erroneous. To declare otherwise would violate the broad principle so essential to the maintenance of good government that where a court has jurisdiction over the person and the subject matter, no error in its exercise can make the judgment void. Indeed, it may be said that when a court has jurisdiction to decide a case, it also has jurisdiction to commit error, however great or prejudicial the error. What we have said in this connection applies to a judgment in a criminal as well as a civil proceeding; for as said in 15 Ruling Case Law, section 347:

"A judgment in a criminal proceeding is immune from collateral attack to the same extent as other judgments. When the trial court has jurisdiction by law of the offense charged in an indictment, and of the party who is so charged, its judgments are, as a general rule, valid, and cannot be questioned for error or mistake in a collateral proceeding."

As the circuit court had jurisdiction of the appeals carried to it by the express company from the judgments of the Irvine police court, and such jurisdiction was undoubtedly complete over both the subject matter of the prosecution and the parties to same, it had to determine whether the express company was guilty of the offenses or any of them charged. The circuit court had, therefore, the power, whether it was rightfully exercised or not, to inflict the fines complained of and to fix them at $50.00 for each offense, as it did; and if it could be

said to have committed an error of law in so doing, neither that fact nor the further fact that it was induced by the request of the express company to commit the additional error of entering a single judgment for the aggregate amount of all the fines of $50.00 inflicted upon it in each of the sixteen cases, did not render the judgment void. As it has been decided by this court that an appeal would not lie from that judgment, the express company, should, by proper proceedings, have applied to the circuit court for its vacation. Its enforcement can not be prevented by injunction, nor can it be collaterally attacked in any other way. Tong v. Efort, 80 Ky. 152; Pepper v. Thomas, 85 Ky. 539; Kimbrough v. Harbett, 22 R. 1578; Cheatham v. Whitman, 86 Ky. 614; Bitzer v. Mercke, 23 R. 670.

For the reasons indicated, the motion of the plaintiff, T. C. Bradley, sheriff, to dissolve the injunction is sustained.