## Hodge, Ex-County Attorney, et al. v. Mullins, et al.

(Decided April 27, 1926.)

### Appeal from Caldwell Circuit Court.

1. Bail—Judgment of Forfeiture and Judgment Against Sureties in Bail Bond Cannot be Set Aside or Vacated by Collateral Attack Unless Void (Civil Code of Practice, Sections 344, 518, 519).— Judgment of forfeiture and judgment against sureties in bail bond cannot be set aside or vacated by collateral attack unless void, such action not being for new trial, under Civil Code of Practice,

sections 344 and 518, nor motion to correct clerical misprision under section 519.

2. Bail—Ex-County Attorney May Prosecute Appeal from Judgment Setting Aside Forfeiture and Judgment Against Sureties in Bail Bond, where he was County Attorney at Time Such Judgment was Entered.—Ex-county attorney may prosecute appeal from judgment setting aside forfeiture and judgment against sureties in bail bond, where he was county attorney at time such judgment was entered and was made party defendant in action to set it aside, since by retirement from office he did not relinquish right to his share of sum recovered on such forfeiture.

S. D. HODGE for appellants.

McKENZIE & SMITH and T. C. BENNETT for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Appellees, A. E. Mullins, O. M. Wilson and B. E. Barnes, were sureties on the bail bond of one Allie Mullins, indicted in the Caldwell circuit court at the October term, 1922, for the offense of knowingly receiving stolen goods. Later when the case was called and the defendant, Allie Mullins, failed to answer the bond was forfeited, and summons issued for the sureties requiring them to answer on the first day of the succeeding term of court to show cause, if any they had or could, why judgment should not be entered against them on the bail bond. Appellees as sureties appeared in person and by counsel, in the Caldwell circuit court upon the day fixed in the summons to answer the forfeiture and had a conference with the attorneys for the Commonwealth and county concerning the matter. They averred in the present action to set aside the forfeiture that the attorney for the Commonwealth agreed to quash the indictment against their principal, Allie Mullins, and re-refer the case to the grand jury, and assured appellees that they need not give the case any further attention except to file a response to the summons on the forfeiture. About that time, on motion of the attorneys for the Commonwealth and the county, as shown by the order, the court entered a judgment against the sureties for $1,000.00, the full amount of the bond. Later a response was filed by appellees to the forfeiture. After the court adjourned for the term, execution was issued in favor of the Commonwealth against appellees on the judgment of forfeiture, directed to the coroner of Christian county, the county of

their residence. This suit was then commenced by appellees, Mullins, et al., against Lovan, coroner of Christian county, Trice Bennett, attorney for the Commonwealth, and S. D. Hodge, county attorney for Caldwell, praying that the alleged misprision of the clerk of Caldwell circuit court in failing to record and file the order agreed upon at the first day of the March term of the Caldwell circuit court, be corrected, and that the said order be entered in its due place and properly recorded as agreed upon, and they further prayed that the default judgment in the sum of $1,000.00 and the cost entered against the plaintiffs be vacated and held for naught and expunged from the record of the Caldwell circuit court, and the plaintiffs further prayed for an injunction against the defendant and G. W. Lovan, coroner of Christian county, restraining and enjoining them and the coroner from proceeding with the enforcement of the execution now in his hands against the plaintiffs.

The petition set forth all the facts recited above and others, including the averment that the Commonwealth's attorney had agreed to dismiss the indictment against Allie Mullins on the condition that certain whiskey should be returned and a given sum of money paid. It was also averred in the petition that at the time of the making of the compromise with the Commonwealth's attorney an order had been prepared in writing in conformity to the agreement, which order was to be entered upon the order book of the Caldwell circuit court, and which the clerk by oversight or mistake had omitted to enter, which failure it is alleged was misprision. No motion was made in the original action to correct the misprision, and the present suit was not instituted under section 344 and section 518 of the Civil Code for new trial. It, therefore, appears to be but a collateral attack upon the judgment, entered by the Caldwell circuit court at a previous term forfeiting a bail bond and adjudging the sureties liable in the penal sum, $1,000.00. To the petition was attached as exhibits a copy of the order forfeiting the bail bond and directing summons to issue to Christian county for the sureties, naming them; and, also a copy of the order of the Caldwell circuit court directing that certain whiskey charged to have been stolen by Allie Mullins should be restored to the drug store from which it was taken; a copy of the judgment for $1,000.00 against the sureties in the bail bond, and a copy of the response filed by ap-

pellees to the summons on the forfeiture. The records show that this response was filed on March 7, 1923. In the response it was pleaded in substance that the sureties went on the bond of Allie Mullins, an addict to the morphine habit, "in order to give him a chance to become cured of that habit and to go straight," and with the understanding that he would take the cure for said habit upon his positive promise to go straight thereafter;" that later they received advice from their attorney and from other persons that an agreement had been reached by which an indictment which was pending against their principal should be resubmitted to the grand jury and a new indictment returned, and then to be filed away on motion of the Commonwealth's attorney, at the request of the prosecuting witness; that their principal had left the state and they understood that the case had been settled and the indictment filed away; that they were advised that the indictment was defective and void; that they believed the indictment had been filed away and made no effort to apprehend their principal and bring him into court while he was in the jurisdiction of the court. Accepting the averments of the response as true it does not seem to present a sufficient defense to the forfeiture. Be that as it may, the trial court, after answer was filed by the county attorney setting forth reasons why the forfeiture should not be set aside and the coroner enjoined from levying the execution, entered judgment vacating the order of forfeiture and setting aside the judgment against the sureties. From that judgment the county attorney has prosecuted this appeal.

Many questions are presented by counsel for both sides by way of brief, but we think it will be sufficient to consider only one or two of them. It is admitted by all parties that the order of forfeiture was entered and summons issued for the sureties and that the sureties were duly served with summons to appear in court at the time named in the summons. It is also admitted that later and before the response was filed, judgment by default was entered against the sureties for $1,000.00, the full amount named in the bond, the principal, Allie Mullins, having failed to appear and answer the indictment; that the order of forfeiture and the judgment against the sureties was duly entered of record and the order signed by the judge of the court; that after the term had closed, execution was issued on the judgment directed to the coroner of Christian county against the

sureties in the bail bond; that long after the term had closed appellees commenced this action, reciting the foregoing facts and others, to set aside and vacate the judgment of forfeiture, and judgment against the sureties in the bail bond. It was not an action for new trial under the provisions of sections 344 and 518 of the Civil Code, nor was it a motion to correct a clerical misprision, under section 519 of the Civil Code. A judgment rendered by a "court having jurisdiction of the parties and of the subject matter, unless reversed or annulled in some proper proceeding, is not open to contradiction or impeachment in respect to its validity, verity or binding effect by the parties or privies in any collateral action or proceeding." 23 Cyc. 1055; Villier v. Watson's Admr., 168 Ky. 631. A judgment which is void may be attacked collaterally, but one which is not void cannot be thus overthrown. Adams Express Co. v. Bradley, 179 Ky. 238.

There is nothing in the record indicating that the judgment which appellees attack by this suit was void. In fact, there was nothing in the response to indicate that the judgment should not have been entered. Having attempted to attack the judgment collaterally when it was not void, their efforts were in vain and the court should have denied the prayer of appellees' petition.

Appellees question the right of appellant, Hodges, ex-county attorney of Caldwell county, to prosecute this appeal on the ground that he is no longer a public officer, and, therefore, has no right to prosecute an appeal in the name of the Commonwealth. He was county attorney at the time the forfeiture was taken and the judgment was entered against the sureties. As such county attorney he was entitled to receive a per cent of the sum recovered on the forfeiture; so was the Commonwealth's attorney, and the balance went to the state. The county attorney was, therefore, an interested party, and appellants made him a party defendant. By retirement from the office of county attorney he did not relinquish any fees which he had earned while in office. Being an interested party and a defendant in the action, made so by appellees, we see no reason why he should not be permitted to prosecute the appeal.

For the reasons indicated the judgment is reversed for proceedings consistent with this opinion.

Judgment reversed.