## Bartram v. Commonwealth.

(Decided October 14, 1927.)

### Appeal from Boyd Circuit Court.

Criminal Law.—Where accused was not arrested under indictment charging selling whiskey because he was serving federal jail sentence at time, and he was not held at expiration of such previous sentence, and had no notice of trial, and trial proceeded in his absence, judgment of fine and imprisonment should be reversed.

JAMES A. WILLIAMS and J. B. ADAMSON for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

Burr Bartram, whom we shall call the defendant, has entered a motion for an appeal, and is asking for the re-

versal of a judgment imposing upon him a fine of $300 and imprisonment in jail for 60 days, for selling whisky. The record shows that, upon the calling of this case on April 27, 1926, the defendant was duly called in open court and failed to answer or appear either in person or by counsel. The trial proceeded in his absence, with the result stated. On April 30, 1926, the defendant filed a motion for a new trial. This motion was based on one ground only, and that is that he had never been arrested under the indictment, had no notice of its pendency, or of his trial thereunder. The return upon the bench warrant is:

"Executed by arresting Burr Bartram and delivering him to the jailer of Boyd county December 15, 1925.

"H. D. Clark, S. B. C.,
"By R. C. Millis, D. S."

In support of his motion for a new trial, the defendant filed his affidavit that he had never been arrested on this charge, that he did not know such a charge was pending against him, and that he is not guilty of the offense charged, and has had no chance to defend the action. He filed the affidavit of the jailer of Boyd county, in which the jailer says that the defendant was never delivered to him on this charge; that he did receive the defendant on the 15th of December, 1925, under an order of the United States District Court requiring the defendant to serve a jail sentence of 90 days, which the defendant served, and at the end thereof the jailer released him from custody.

He filed the affidavit of the clerk of the Boyd circuit court, who stated that no bail bond was ever given by the defendant. He filed the affidavit of Mr. R. C. Millis, the present sheriff of Boyd county, in which Mr. Millis says:

"On the 15th day of December, 1925, he was deputy sheriff under H. D. Clark, S. B. C.; that he recognizes the return made on the bench warrant in this cause as being in his handwriting; that on said date he assisted in bringing certain prisoners from the United States District Court to the Boyd county jail, and among them was Burr Bartram; that the custom was, when the sheriff had a bench warant for the same prisoner that was being put in jail, he arrested him on the warrant and told him the amount

of bail to be given, and gave the jailer the same information, which the jailer noted down, and held the prisoner for the county at the expiration of the federal court sentence. In the present case of Burr Bartram, the jailer, not having noted on his books to hold the prisoner for the county, released him without bail at the expiration of his term of service from the United States court, and, Burr Bartram having filed his affidavit that the warrant was not read to him, I will say that it is possible in this case that the warrant was not read to the defendant or that he was told of it. I have no distinct recollection about it, but from what the defendant and the jailer say it is probable that the warrant was not mentioned to the defendant or the jailer.''

The facts in this case are much like the facts in the case of Bramlett v. McVey, 91 Ky. 151, 15 S. W. 49, and, upon the authority of that case, this motion for an appeal is sustained, the appeal is granted, and the judgment is reversed.