# Milton et al. v. Bank of Murray et al.

May 27, 1947.

Ira D. Smith, Judge.

R. Hall Hood for appellants.

Joe Lancaster for appellees.

OPINION OF THE COURT BY JUDGE DAWSON—Reversing.

On September 20, 1929, the Bank of Murray filed this action against the appellants, all of whom except Lillie Milton were infants under the age of fourteen

years. The petition was not verified but there was filed with it an affidavit of the vice-president of the bank which set out grounds for the appointment of a guardian ad litem for the defendants other than Lillie Milton. The record does not disclose an order appointing a guardian ad litem or a report by a guardian ad litem. The record is silent until November 30, 1929, at which time it shows a judgment directing the sale of the real estate described in the petition.

On March 20, 1945, the appellant filed in this same action their motion to docket the action and set aside the judgment of November 30, 1929. On April 13, 1945, an agreed order was entered by which the cause was re-docketed and opened for such "action and pleadings as may properly be offered and filed." This order was agreed to by the Bank of Murray and W. G. Hodges, who had purchased the real estate at the judicial sale. Following the entry of this order the appellants filed their special and general demurrer to the original petition and Hodges filed an answer, to which the appellants responded. The cause was submitted on the pleadings and the court entered a judgment denying the relief sought by appellants and upholding its judgment of November 30, 1929. This appeal followed.

The appellants urge that the original petition was wholly defective because there was a defect of parties plaintiff and because it failed to state a cause of action; that the judgment of November 30, 1929, directing a sale of the real estate, was void because judgment was rendered upon the defective pleadings, and the infant defendants were not properly before the court. Other grounds are urged but it will not be necessary to consider them.

Appellees contend that the only question presented by the appeal is whether the attack on the judgment is a direct or collateral attack.

The rule for determining whether an attack upon a judgment is direct or collateral is stated in Wayne v. Brumley, 190 Ky. 488, 227 S. W. 996, 998, as follows:

"A 'direct attack' is an action or a motion for the specific and only purpose of setting aside or annulling

the judgment of a court, and any action which has for its purpose the accomplishment of any relief other than the setting aside of the judgment is not a direct attack.''

This rule was approved in an exhaustive opinion in Ramsey's Ex'r v. Ramsey, 233 Ky. 507, 26 S. W. 2d 37.

Manifestly the attack on the judgment is a direct attack since it is by a motion in the same action to set aside the judgment on the ground that the judgment is void. No other affirmative relief is asked. Therefore we come to the question of whether or not this judgment is void.

In Gardner v. Howard, 197 Ky. 615, 247 S. W. 933, 936, we said:

''No rules are better settled in this state than that the power of a court to sell the land of a person under legal disability is purely statutory; that, unless the statute conferring the power is strictly followed, the sale is absolutely void; and that service of summons upon the owner, be he lunatic or infant, in the prescribed manner is a prerequisite to jurisdiction.''

See also Baker v. Baker, Eccles & Co., 162 Ky. 683, 173 S. W. 109, L. R. A. 1917C, 171.

We think the petition on which the judgment is based was defective for many reasons and that the judgment entered thereon was of no effect whatever. The Bank of Murray made no allegation of its interest in the property it sought to have sold, nor did it define its relation or status with the deceased husband and father of the defendants below. There is no allegation which authorizes the property to be subjected to the payment of debts, and the petition discloses on its face that all of the defendants other than the widow were infants under the age of fourteen years, and it was unverified. It does not allege that no administrator had been appointed for the estate of the decedent, nor give any reason why none had been.

Apparently the Bank of Murray attempted to bring suit for the settlement of the decedent's estate, but its petition fell far short of establishing a basis for this action, and it was fatally defective because of this and for other reasons.

As indicated above, there is nothing in the record before us which shows the appointment of a guardian ad litem for the infant defendants, nor is there any report by a guardian ad litem, if one was appointed. The record fails to disclose the sheriff's return of the summons although there is a certificate endorsed on the petition to the effect that summons and seven copies were issued. The record wholly fails to show that any defense was made by anyone for the infant defendants, or that they were served with process in any manner, much less the manner required by our Civil Code of Practice, sec. 52.

The judgment of 1929 was rendered upon unverified pleadings without proof as to the indivisibility of the land or the amount of the debts, if any. For these reasons, and for others disclosed by the record but which need not be mentioned, the judgment of 1929 was wholly void.

In Ramsey's Executor v. Ramsey, supra (233 Ky. 507, 26 S. W. 2d 42), many authorities involving the principles applicable here are reviewed, and reference to that opinion is made. In the course of the opinion, after reviewing many previous opinions of this court, we said:

"From this rather exhaustive review of the authorities, it thus plainly appears that on a collateral attack the record must affirmatively show at least, where the judgment attacked is ancient, a lack of jurisdiction to enter the judgment attacked, and that, if it does not so affirmatively show, the presumption of jurisdiction will be indulged. However, on a direct attack there are no presumptions; the record must affirmatively show the jurisdictional facts. If the lunatic or infant be not summoned in accordance with the requirements of the Code, he is not before the court, and an appointment of a guardian ad litem followed by a report from such guardian ad litem will not cure the defect nor make the judgment valid."

Applying these principles we find that we have a direct attack on the judgment of 1929. No presumption may be indulged in favor of the jurisdiction of the court to enter such judgment. The record fails to disclose the service of any process on the infant defendants, or any

report or defense on their behalf by a guardian ad litem. The judgment was void.

The answer of Hodges, the purchaser at the judicial sale, refers to a proceeding in the Federal Court involving this same property, which was presumably a condemnation proceeding by or on behalf of the Tennessee Valley Authority. A copy of the record of that proceeding was not filed with that answer. Therefore, we are not now in a position to determine the effect of such proceeding, but must leave that for the consideration of the trial court upon return of this cause.

Wherefore, the judgment is reversed for proceedings not inconsistent herewith.