## Gardner et al. v. Gardner's Adm'r et al.

November 5, 1948.

As Modified on Denial of Rehearing

January 18, 1949.

206

Hines & Hines and W. D. Gilliam for appellants.

A. J. Bratcher for appellees.

OPINION OF THE COURT BY CLAY, COMMISSIONER—
Reversing.

This proceeding was brought to vacate a judgment rendered against appellants on the ground it was void because they had not been served with summons. Upon final submission, the lower Court dismissed the "Petition to Vacate."

On June 10, 1942 a default judgment was obtained against appellants by appellee Harry Gardner, administrator. Pursuant to this judgment, on August 17, 1942 the Master Commissioner offered for sale certain land owned by appellants. At that sale an attorney appeared on their behalf and orally objected to the proceedings. The sale was confirmed on October 21, 1942, no exceptions having been filed thereto. On July 23, 1943 appellee Gardner settled his accounts as administrator. The present suit was filed August 14, 1943.

The summons in the original suit had a return thereon executed by a deputy sheriff which recited service by delivery of a copy thereof to each of the appellants. The testimony of this deputy sheriff was taken in the present proceeding, and he stated positively that he had not served any summons on appellants, but instead had served copies on a colored man whose surname was the same. Appellants specifically denied that this deputy sheriff had served them with summons.

The lower Court found that while the proof sustained appellants' contention that they had not been served by the particular deputy sheriff who made the return, the evidence failed to show they had not been

brought before the court by alias summons or entry of appearance. With this determination we are unable to agree.

In the first place, appellants' proof sufficiently established that they did not have notice of this suit prior to the entry of the default judgment. Even without this proof, the original proceedings pleaded by appellee Gardner in his answer failed to show appellants were advised of the pendency of that action, except by the return of the summons which has conclusively been shown to be false. In addition, it was the duty of the Court to examine the record in that suit for the purpose of determining whether or not jurisdiction had been obtained over the persons of appellants. In a direct attack upon a judgment such as we have here, no jurisdictional facts may be presumed. Ramsey's Ex'r v. Ramsey et al., 233 Ky. 507, 26 S. W. 2d 37; Milton et al. v. Bank of Murray et al., 305 Ky. 1, 202 S. W. 2d 723. The Court being unable to find facts in the original record to sustain jurisdiction, the judgment should have been vacated.

Appellees rely upon the case of Thomas v. Ireland, &c., 88 Ky. 581, 11 S. W. 653, 21 Am. St. Rep. 356. That case was effectively overruled, insofar as a direct attack upon a judgment is concerned, in the cases of Bramlett v. McVey, 91 Ky. 151, 15 S. W. 49, and Francis v. Lilly's Ex'x, 124 Ky. 230, 98 S. W. 996. These latter cases are factually very similar to the case at bar, and are direct authority in support of our conclusion.

Appellees argue that the present proceeding was brought under Section 518 of the Kentucky Civil Code of Practice, and because appellants' failed to allege any defense to the original action as required by Section 520, the judgment should not be vacated. Since this is an attack on a void judgment, it is not a step taken under Section 518 but is in effect a proceeding under Section 763. See Hill et al. v. Walker et al., 297 Ky. 257, 180 S. W. 2d 93, 154 A. L. R. 814. Appellants need not assert a defense to the action as the Court had no jurisdiction of their persons. See Holcomb v. Creech et al., 247 Ky. 199, 56 S. W. 2d 998.

Appellees also maintain that appellants are estopped to complain of the former judgment because they

stood by and did not object to the confirmation of the sale and the distribution of proceeds by appellee Gardner as administrator. Since this judgment was absolutely void, no rights could be acquired under it, and appellants were under no duty to take any affirmative steps whatsoever. See Adams Express Company, v. Bradley, Sheriff, et al., 179 Ky. 238, 200 S. W. 340; and City of Olive Hill et al. v. Gearhart et al., 289 Ky. 53, 157 S. W. 2d 481. Actually they did give notice on the day of the sale that they objected to the judgment, and thereafter they did nothing to mislead appellants nor did they realize any benefits under such judgment. There was consequently no estoppel.

For the reasons stated, the judgment is reversed with directions to vacate the former judgment and set aside proceedings taken thereunder.