R. F. BURTON AND BURTON TOWER COMPANY, Appellant,

v.

DOWELL DIVISION OF DOW CHEMICAL COMPANY, Inc., Appellee.

Court of Appeals of Kentucky.

Oct. 15, 1971.

Lloyd Graper, Lexington, for appellant.

J. K. Wells, Paintsville, for appellee.

STEINFELD, Judge.

Big Sandy Broadcasting Company, Inc. sued appellee Dowell Division of Dow Chemical Company, hereinafter called Dow, on a claim based on negligence. Dow, to obtain indemnity, moved under CR 14 for leave to implead "R. F. Burton and Burton Tower Company", hereinafter called Burton, as a third-party defendant to the action.[1] Impleading was authorized so Dow caused process to issue. The return of Frank R. Wilkerson, a deputy sheriff, stated "Executed the within Civil Summons with complaint by serving said Defendant R. F. Burton and Burton Tower Co. by serving R. F. Burton—owner." Burton did not answer. The action proceeded to trial and Big Sandy Broadcasting Company, Inc. obtained a judgment of $3,600 and costs against Dow. Judgment in the same amount was entered against Burton on Dow's third-party claim.

A few days thereafter, acting pursuant to CR 52.02, 55.02 and 60.02, Burton moved that the judgment be vacated as to him, asserting that the return on the process was "incorrect and false" and that he was not before the court. Later Burton again moved to set aside the judgment as to him or, alternately, to amend it. These motions were overruled, from which order Burton appeals. We reverse.

Burton contends that CR 4.04(1) requires personal service and that since the process was not personally delivered to him by the officer and he did not enter his appearance the judgment as to him is void. In support of his motion to vacate the judgment Burton filed his own affidavit in which he stated he was not served with process, an affidavit of his wife which said that she was served with the summons, and an affidavit of Deputy Sheriff Wilkerson who stated "R. F. Burton was not present on the premises when deponent arrived

1. Burton trades as Burton Tower Company. No issue is made of the erroneous designation.

there. A woman who identified herself as Mrs. R. F. Burton was the only person there. I asked her whether or not she would accept the papers or would she prefer that I give them to her. I did not personally serve them personally upon R. F. Burton. The endorsement upon the Summons returned to this Court is incorrect in that it indicates that service was made personally upon R. F. Burton." Dow claims that service upon the wife in these circumstances was sufficient compliance and, if not, Burton is estopped to question the service. It contends that Burton did not show that the summons did not reach him or that he did not know of the pendency of the suit against him. Dow also argues that a statute precludes the method used by Burton to present the issue.

■ CR 52.02 authorizes certain modifications of judgments upon timely motion of an aggrieved party. CR 55.02 permits the court to set aside a default judgment in accordance with CR 60.02. CR 60.02 provides that on specified grounds the court may relieve a party from a final judgment. Dow contends that Burton cannot prevail because of KRS 61.060, which reads:

"No fact officially stated by an officer in respect of a matter about which he is by law required to make a statement in writing, either in the form of a certificate, return or otherwise, shall be called in question, except in a direct proceeding against the officer or his sureties, or upon the allegation of fraud in the party benefited thereby or mistake on the part of the officer."

Dow argues that "Burton's motion to vacate was a direct attack upon a judgment but only a collateral attack on the Sheriff's return." We construe that statute to mean that the return of the sheriff may be questioned either in a suit against the sheriff and his sureties or in a direct attack on the judgment if the attacker alleges that a party has committed fraud and has benefited by such fraud, or that the officer has made a mistake. In his direct attack on the judgment Burton alleged that the officer made a mistake. Gardner v. Gardner, 309 Ky. 205, 216 S.W.2d 779 (1949), although not mentioning the statute, stated that such an attack as we have here is proper. See Bramlett v. McVey, 91 Ky. 151, 12 Ky. Law Rep. 760, 15 S.W. 49 (1891) and Commonwealth Life Insurance Co. v. Combs, 251 Ky. 540, 65 S.W.2d 696 (1933).

■ Dow contends that the evidence supporting the motion was not so clear and convincing as to overcome the presumption that the return on the process was correct. It cites Newsome v. Hall, 290 Ky. 486, 161 S.W.2d 629, 140 A.L.R. 818 (1942), which held " * * * that an officer's return on process can only be impeached by clear, strong and convincing evidence." In Newsome the officer who executed the summons was dead, while here the officer who made the return admits that he made a mistake. We hold the evidence met the test, particularly in the absence of any countervailing evidence or circumstance.

■ The argument that leaving process with the wife was adequate service is without merit. CR 4.04 directs that "Service shall be made by delivering a copy of the summons *personally* to the person to be served * * * " (*Underscoring* supplied). Kentucky has long followed a strict adherence to the rule of "In-hand Service of Process." In Case v. Colston, 58 Ky. 145 (1858), we held that reading the summons to the defendant was not valid service; the officer must deliver it personally, and if refused he must offer personal delivery to the person to be served. In Newsome v. Hall, 290 Ky. 486, 161 S.W.2d 629, 140 A.L.R. 818 (1942), the sheriff attempted to serve the defendant by delivering a copy of the summons to his wife, and we declared that this did not constitute valid service. We wrote in Rosenberg v. Bricken, 302 Ky. 124, 194 S.W.2d 60 (1946), that " * * * mere knowledge of the pendency of an action is not sufficient to give the court jurisdiction, and, in the absence of an appearance, there

must be a service of process." Although our rules generally follow the Federal Rules, we did not adopt FRCP 4(d) (1), which permits the serving officer to leave a copy of the summons at the defendant's dwelling. See 6 Ky. Practice, Clay 28. We continue to require personal service except in those instances in which non-personal service is authorized by statute or rule.

In 42 Am.Jur. 8, Process, Sec. 4, appears:

"The mere fact that a defendant has knowledge of a suit pending against him is not sufficient to give the court jurisdiction, if he does not enter a voluntary appearance and is not served with notice or process. The necessity of service of process or a waiver thereof, in order to obtain jurisdiction, is not dispensed with by the mere fact that the defendant may in some way have learned of the filing of the suit. One who is not served with process does not have the status of a party to the proceeding."

This language conforms to our rule.

It is also argued that because Burton failed to act until after judgment was entered he is estopped to contend that he was not properly served. Leaving the summons with Mrs. Burton was unauthorized, therefore she could not be the conduit by which summons reached Burton. We said in Gardner, in which the summons was served on a person other than the one to whom it was addressed:

"Appellees also maintain that appellants are estopped to complain of the former judgment because they stood by and did not object to the confirmation of the sale and the distribution of proceeds by appellee Gardner as administrator. Since this judgment was absolutely void, no rights could be acquired under it, and appellants were under no duty to take any affirmative steps whatsoever. See Adams Express Company v. Bradley, Sheriff, et al., 179 Ky. 238, 200 S.W.

340; and City of Olive Hill et al. v. Gearhart et al., 289 Ky. 53, 157 S.W.2d 481. Actually they did give notice on the day of the sale that they objected to the judgment, and thereafter they did nothing to mislead appellants nor did they realize any benefits under such judgment. There was consequently no estoppel."

The above reasoning disposes of the claim that Burton's failure to allege or prove that the process did not reach him was fatal. His clear showing that there was non-compliance with the service-of-process rules was sufficient.

Other claims are made by the parties to this appeal, but since we have declared the judgment void as to Burton it is unnecessary to discuss them. The judgment is reversed with directions to set it aside as to Burton.

All concur.