RENDERED: JULY 3, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0417-MR

TROY GARDNER                                                          APPELLANT

v.              APPEAL FROM FAYETTE CIRCUIT COURT
                HONORABLE KIMBERLY N. BUNNELL, JUDGE
                ACTION NO. 23-CI-00365

OFFICER BRAY AND OFFICER A                                          APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  A. JONES, L. JONES, AND KAREM, JUDGES.

KAREM, JUDGE:  Troy Gardner ("Gardner") appeals from the Fayette Circuit Court's order denying his motion for default judgment in a suit he filed against Officer Bray and Officer A (hereinafter, collectively the "Appellees").  The circuit court also granted the Appellees' motion to dismiss the suit and dismissed Gardner's claims against the Appellees without prejudice.  Finding no error, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 1, 2023, Gardner filed a complaint in Fayette Circuit Court. The complaint named "Officer A" and "Officer B" as the defendants and alleged three counts of 42 United States Code ("U.S.C.") § 1983 violations against both officers and two § 1983 violations against "Officer B." The Appellees were not identified further in Gardner's complaint.

The Fayette Circuit Clerk generated a civil summons and United States Postal Service certified mail receipts for "Officer Bray" and "A., Officer."[1] The record contains a return receipt filed on February 6, 2023, for the certified mail addressed to "Officer Bray." The delivery date was February 3, 2023. Kelli Brewer ("Brewer"), an employee of the Lexington-Fayette Urban County Government ("LFUCG") Division of Police ("LDP"), signed the certified mail receipt. Additionally, the record contains a return receipt filed on February 7, 2023, for the certified mail addressed to "A. Officer." The delivery date was February 6, 2023. Brewer also signed this certified mail receipt.

On January 29, 2024, Gardner filed a motion for default judgment. In his motion, Gardner claimed that Officer Bray and Officer A were both served, neither provided a written defense, and that the circuit court should enter judgment against them.

---

[1] It is unclear from the record how "Officer B" became "Officer Bray."

On February 15, 2024, LFUCG's counsel entered a limited appearance and filed a motion to dismiss. The motion asserted that neither officer received sufficient service of process. Specifically, the motion stated that Brewer – the individual who signed the certified mail receipts and accepted service of process for both officers – performed clerical work in the police department's Central Records office and was only authorized to accept service of process for the LDP, not for individual officers.

On February 27, 2024, LFUCG's counsel filed an amended motion to dismiss. The two motions to dismiss were similar; however, the first motion requested that the circuit court deny Gardner's motion for default judgment, and the second motion requested that the circuit court dismiss all claims against the Appellees.

The circuit court held a hearing on March 22, 2024, and on March 28, 2024. The circuit court subsequently entered an order denying Gardner's motion for default judgment, granting the motion to dismiss, and dismissing Gardner's claims without prejudice. Gardner thereafter filed a *pro se* motion to vacate on March 29, 2024. The circuit court denied the motion to vacate by order entered on April 2, 2024. This appeal followed.

# ANALYSIS

Gardner alleges on appeal that the circuit court erred in dismissing his claims against the Appellees based on insufficient service of process. Under Kentucky Rule of Civil Procedure ("CR") 4.04(2), "[s]ervice shall be made upon an individual . . . by delivering a copy of the summons and of the complaint . . . to him personally . . . or by delivering a copy of the summons and of the complaint . . . *to an agent authorized by appointment or by law to receive service of process for such individual*." CR 4.04(2) (emphasis added).

Indeed, "Kentucky has long followed a strict adherence to the rule of 'In-hand Service of Process.'" *R.F. Burton & Burton Tower Co. v. Dowell Division of Dow Chemical Co.*, 471 S.W.2d 708, 710 (Ky. 1971). A party's "mere knowledge of the pendency of an action is not sufficient to give the court jurisdiction," as actual service of process is required. *Id.* at 710-11. Insufficient service of process is a basis for dismissal. CR 12.02(e).

In this case, Gardner initially filed his complaint with the Fayette Circuit Court Clerk and attempted service on the Appellees via certified mail through the office of the circuit clerk, as outlined in CR 4.01(1)(a). The certified mail was delivered to LFUCG but not directly to the Appellees. Upon arrival, the mailing was signed for by Brewer, who the LFUCG stated worked in the police department's Central Records office and was only authorized to accept service of

-4-

process for the LDP, not for individual officers. LFUCG asserted that Brewer was never appointed or designated to accept service of process on individual officers.

We find the case of *Mitchell v. Money*, 602 S.W.2d 687 (Ky. App. 1980), to be illustrative of the issue at hand. In that case, this court held that service of process through certified mail was insufficient to bind a decedent's estate when a copy of the summons and complaint was sent to the decedent's address and signed for by his wife. The court reasoned that Money, the decedent, never became a party to the action because the trial court failed to obtain jurisdiction over him or his estate. Similarly, although Gardner presumably sent the certified mail to the Appellees' correct place of business in this case, it was nevertheless an incomplete delivery, as the mail reached neither the intended addressee nor an authorized agent of the same.

Gardner has not contested the fact that Brewer signed the certified mail receipt. Gardner has offered no proof or case law to counter the Appellees' assertion that Brewer was not authorized to accept service of process on behalf of individual officers. When an organization has a policy that prohibits one employee from accepting service on behalf of another employee, service is not sufficient if an employee accepts service without authorization on behalf of the other employee. Thus, the Fayette Circuit Court properly dismissed all claims when it found that Gardner had not properly served the officers.

## **CONCLUSION**

For the reasons outlined above, we affirm the Fayette Circuit Court's order denying Gardner's motion for default judgment, granting the Appellees' motion to dismiss, and dismissing all of Gardner's claims without prejudice.

ALL CONCUR.

BRIEF FOR APPELLANT:

Troy Gardner, *pro se*
Hickman, Kentucky

BRIEF FOR APPELLEE OFFICER BRAY:

William D. Razor
Lexington, Kentucky